UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Oscar Sanchez, Marcus White, Tesmond McDonald, Marcelo Perez, Roger Morrison, Keith Baker, Paul Wright, Terry McNickels, and Jose Munoz; *on their own and on behalf of a class of similarly situated persons*;<br><br>*Petitioners/Plaintiffs*,<br><br>v.<br><br>DALLAS COUNTY SHERIFF MARIAN BROWN, *in her official capacity*; DALLAS COUNTY, TEXAS;<br><br>*Respondents/Defendants* | Civil Action No. 3:20-cv-00832<br><br>**Plaintiffs'/Petitioners' Motion for a Temporary Restraining Order, Preliminary Injunction and Writ of Habeas Corpus**<br><br>**Class Action**<br><br>**IMMEDIATE RELIEF SOUGHT** |

Plaintiffs/Petitioners (hereinafter "Plaintiffs") respectfully move the Court for entry of a writ of habeas corpus, temporary restraining order ("TRO") and preliminary injunction under 28 U.S.C. § 2241, 42 U.S.C. § 1983, and Federal Rule of Civil Procedure 65. Plaintiffs are at grave risk of contracting COVID-19, some with an imminent threat of dying if not provided medical treatment, due to the unconstitutional conditions in the Dallas County Jail.

Plaintiffs seek an immediate, emergency TRO and writ of habeas corpus requiring Defendants to: (1) identify and release all members of a subclass of medically vulnerable individuals, (2) provide all persons released with educational resources on COVID-19 including instructions that they should self-isolate for the CDC-recommended period of time (currently 14 days) following release, and (3) to submit a plan implementing further public health protocols, to be supervised by a qualified public health expert, to reduce the risk to class members of contracting COVID-19.

Plaintiffs further seek a preliminary and/or permanent injunction and writ of habeas corpus requiring that Defendants: (1) continue to release all current and future Medically-Vulnerable subclass members, (2) report weekly on the population of persons in the Dallas County Jail who are Medically-Vulnerable as defined in this action, (3) follow the terms of the public health expert

plan submitted pursuant to Fed. R. Evid. 706, (4) and release additional Class Members, including those not considered "Medically-Vulnerable," as needed to ensure that all remaining persons incarcerated in the Dallas County Jail are under conditions consistent with CDC and public health guidance to prevent the spread of COVID-19, including requiring that all persons be able to maintain six feet or more of space between them.

As more fully presented in their brief in support of this motion and its accompanying evidentiary appendix, Plaintiffs state the following in support of their motion:

1. Plaintiffs are likely to succeed on the merits of their claims. Defendants' deliberate indifference to the serious risk that COVID-19 poses to Plaintiffs and Class Members, and particularly members of the Medically Vulnerable Subclass, violates their rights under the Eighth and Fourteenth Amendments. Further, for Pre-Adjudication Class members, Defendants' failures to ensure sufficient safety amounts to impermissible pretrial punishment in violation of the Fourteenth Amendment.

2. Without immediate injunctive relief from this Court, there is a substantial risk that Plaintiffs will suffer irreparable harm of serious illness and, in many cases, death.

3. Entry of an injunction poses no harm to Defendants and, indeed, will benefit Defendants because the currently prevailing conditions in the jail put jail staff at risk as well.

4. It is in the public interest to grant an injunction to prevent the spread of COVID-19 within the Dallas County Jail because an outbreak will have serious ramifications for people incarcerated in its walls, correctional and medical staff that carry the infection into their homes and communities, and Dallas County residents who will suffer from the ensuing rapid spread of this infectious disease through increased transmissions and the further taxing of local public health resources.

5.      Plaintiffs respectfully request that the Court address their Motion on an emergency, expedited basis, and grant the relief set forth in the enclosed Memorandum and Proposed Orders.

6.      If immediate release is not granted on the basis of this Motion alone, then Plaintiffs respectfully request expedited review of the Motion, including oral argument, via telephonic or videoconference if necessary.

Dated: April 9, 2020.

Respectfully submitted,

_____
AMERICAN CIVIL LIBERTIES FOUNDATION
Andrea Woods*
N.Y. Bar No. 5595509
Meredith Taylor Brown*
N.Y. Bar No. 5678602
Brandon Buskey*
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2528
*awoods@aclu.org*

Henderson Hill*
N.C. Bar No. 18563
201 W. Main St. Suite 402
Durham, NC 27701
(919) 682-9563
*hhill@aclu.org*

Amy Fettig*
D.C. Bar No. 484883
915 15th Street N.W., 7th Floor
Washington, D.C. 20005
(202) 548-6608
*afettig@aclu.org*

_____
ACLU FOUNDATION OF TEXAS
Brian Klosterboer
Texas. Bar No. 24107833
Adriana Piñon**
Texas Bar No. 24089768
Andre Segura
Texas Bar No. 24107112
5225 Katy Fwy., Suite 350
Houston, TX 77007
Tel: (713) 942-8146
Fax: (346) 998-1577

_____
CIVIL RIGHTS CORPS
Katherine Hubbard*
D.C. Bar No. 1500503
Elizabeth Rossi*
D.C. Bar No. 1500502
1601 Connecticut Ave NW, Suite 800
Washington, D.C. 20009
(202) 894-6126
*katherine@civilrightscorps.org*
*elizabeth@civilrightscorps.org*

    /s/ Barry Barnett
SUSMAN GODFREY L.L.P.
Barry Barnett
Texas Bar No. 01778700 8115 Preston Road, Suite 575
Dallas, TX 75225
(866) 754-1900
*bbarnett@susmangodfrey.com*

Michael Gervais*
N.Y. Bar No. 5122890
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067 (310) 789-3100
*mgervais@susmangodfrey.com*

_____
NEXT GENERATION ACTION NETWORK LEGAL ADVOCACY FUND
Alison Grinter-Allen
Texas Bar 24043476
Kim T. Cole
Texas Bar No. 24071024 1808 South Good Latimer Expressway
Dallas, TX 75226
 (214) 704-6400
*agrinter@thengan.com*
*kcole@thengan.com*

ATTORNEYS FOR PETITIONERS/PLAINTIFFS
*pro hac vice application forthcoming*
**N.D. Texas admission application forthcoming*

4

## CERTIFICATE OF CONFERENCE

On April 9, 2020, I spoke by telephone and communicated by email with Kate David, counsel for defendants Dallas County Sheriff Marian Brown and Dallas County, Texas in *Daves v. Dallas County, Texas*, No. 3:18-cv-00154-N (N.D. Tex.), about the subject matter of and relief requested in this motion for temporary restraining order. Ms. David advised me that her clients are considering whether or not they will oppose the relief requested.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel registered with that system, and via email, on April 9, 2020.

*/s/ Barry Barnett*
Barry Barnett