UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>HARRIS COUNTY, TEXAS, *et al.*,<br>*Defendants*. | § § § § § § § § § § § § § | Case No. 4:19-cv-00226<br>(Class Action) |

## DECLARATION OF POLICE CHIEF DERICK MILLER

1. My name is Derick Miller and I am Chief of the Carrollton (Texas) Police Department. I began my career with this department in September 1993 as a police officer and I worked my way through the ranks, serving in almost every aspect of the police department. I was appointed Chief over two years ago. I hold a master's degree in criminology and criminal justice from the University of Texas - Arlington as well as being a graduate of the FBI National Academy, the Senior Management Institute of Policing and the Institute of Law Enforcement Administration. I hold a Master Peace Officer's Certification from the Texas Commission on Law Enforcement.
2. I am in support of the Attorney General's Office and Chief Art Acevedo of the Houston Police Department in vehemently opposing the release of over 4,000 felons from the Harris County Jail in this lawsuit.
3. Based on my on my training, experience and understanding of the current circumstances on the ground throughout the State, I believe that such a release would strain the already limited law enforcement resources and pose a danger to law-abiding citizens. I believe if released, these felons would endanger their communities and put a bigger strain on the community. The strain will not only be felt in Houston, but also throughout the entire State of Texas as well as the nation because the request does not include safeguards for ensuring these suspects and felons remain in Houston after their release.
4. I believe that we are in unprecedented times and the men and women serving in the police department are risking their lives to protect and serve during these trying times. If these high-level offenders are released, the current limited resources will be stretched even further, possibly to a breaking point. There is a high probability that some of the inmates

1

**EXHIBIT 4**

who are released will subsequently commit more crimes. We must prevent this from occurring as we will be unable to keep up with this high likelihood of repeat offenses.
5. I believe the offenders who remain in the jail should not be released without an individual judicial risk assessment balancing the alleged risk of harm to the offender due to COVID-19 versus the risk of harm to public safety if released. Moreover, consideration of other alternatives such as testing and isolation of positive inmates within the jail or the opening of another stand-alone jail facility should be considered before releasing these inmates.
6. I would respectfully urge the Court to require a process which is transparent, includes all of the aforementioned considerations and includes measures for testing inmates for COVID-19 to avoid spreading the virus unwittingly by releasing infected individuals out of a controlled and isolated environment. I would urge the Court to review alternatives to a mass release of dangerous persons as requested by this lawsuit, such as activating a stand-alone jail facility for isolation purposes. The type of drastic measures requested by the Plaintiffs in this lawsuit should not be granted without first considering all other options.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my ability.

_____
Derick Miller
Chief of Police
Carrollton Police Department

March 31, 2020

2

**EXHIBIT 4**