UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> HARRIS COUNTY, TEXAS, *et al.*, <br> *Defendants*. | § § § § § § § § § § § § § | Case No. 4:19-cv-00226 <br> (Class Action) |

## DECLARATION OF FRISCO POLICE CHIEF DAVID SHILSON

1. My name is David Shilson. I currently serve as Chief of the Frisco Police Department, and I have served in this role since November 1, 2019.

2. I lead a department of 220 sworn law enforcement officers and 112 civilian support personnel. In addition to my role as Police Chief, I am a member of the International Association of Chief's of Police(IACP), Texas Police Chief's Association (TPCA), North Texas Police Chief's Association (NTPCA), Member of the Texas Municipal Police Officer's Association (TMPA), and member of the Police Executive Research Forum (PERF).

3. As the number of coronavirus cases explodes across the nation, an increasing number of police departments around the country are experiencing shortages in staffing and resources, as police ranks become sick with or exposed to the coronavirus. This concerning trend raises the issue of how Texas police agencies may hold steadfast to safeguard their communities, even as the virus spreads among law enforcement officers whose work puts them at increased risk of infection.

4. It is my understanding that the Plaintiffs in this lawsuit are seeking an order releasing over 4,000 felons on personal recognizance bonds from the Harris County Jail.

**EXHIBIT 6**

5. Pursuant to Governor Greg Abbott's executive order issued on March 29th, 2020, I understand that no authority may release any person, who is arrested or previously convicted of a crime that involves physical violence or the threat of physical violence, on personal bond, and I believe low-level, non-violent inmates have already been released from the Harris County Jail, leaving only the violent and pervasive felony offenders.

6. Based on my training, experience, and understanding of the current circumstances on the ground throughout the State, I believe that such releases would strain already limited law enforcement resources and pose a danger to all Texans.

7. Even though this pandemic is unprecedented, the release of potentially dangerous felons at a time when law enforcements agencies are limited in staffing and resources does not appropriately serve the public at large.

8. I believe these felons, if released, would endanger their communities and further stretch the limited resources of police departments, putting a bigger strain on the local population. In my 20 years of experience in law enforcement, I know that the unsecured pretrial release of individuals without any bond conditions, especially those accused of serious felonies, directly leads to an increase in violent crime within surrounding communities.  For example, in February of 2020, Jacques Dshawn Smith murdered two people and injured an infant in the Dallas Fort Worth metroplex, within one week after being released on bail in Dallas County.

9. Protecting local Texas communities from recidivistic crime is paramount during this time in which members of the public are particularly vulnerable, including the elderly, victims of domestic violence and burglaries, given that food, shelter, and essential items to carry on a normal quality of life, such as vehicles and money, are limited during this rapidly developing pandemic. Priority safety considerations must also be given to the victims and witnesses of these arrested suspects and convicted offenders, since the unrestricted release of these inmates directly jeopardizes their wellbeing.

10. The release of felons, who were arrested or convicted of domestic violence, inevitably forces victims to shelter in place within the same homes as their abusers, leading to dangerous escalations in life-safety issues for a multitude of victims as well as their minor children.

11. Upon their release, arrested or convicted felons of non-violent offenses, such as burglaries of habitation, building, or vehicle, are provided with a target-rich

**EXHIBIT 6**

environment in the Dallas Fort Worth metroplex, since many, if not all, non-essential business operations are presently suspended and unmanned.

12. The general Dallas Fort Worth population is susceptible to new online or telephone scams involving the coronavirus, since residents around the metroplex are currently under sheltering in place orders at home. Released fraudsters are, therefore, presented with new opportunities to prey on these Texans, in particular the elderly, during this epidemic.

13. The personal recognizance bond release of felons from the Harris County Jail, who were arrested or convicted of either violent or non-violent crimes, severely compromises the orderly operation of the Texas criminal justice system and wholly contradicts the requirements established by the Code of Criminal Procedure, which mandates bond conditions must be imposed for certain crimes. Such a release also threatens the safety of Texas communities with recidivistic crimes and unjustly disregards the wellbeing of crime victims and witness.

14. For these reasons, I believe releasing felons into the community would not serve the best interest of the public in our current environment and endangers the public, further straining already limited resources.

Date: 3/31/2020

[Signature]

**EXHIBIT 6**