

# Garland Police Department

1891 Forest Lane
Garland, Texas 75042
972-485-4846

Jeff Bryan
Chief of Police

March 31, 2020

TO THE HONORABLE JUDGE LEE H. ROSENTHAL,

I am writing this letter in support of Chief Art Acevedo of the Houston Police Department. It is my understanding that there is a lawsuit pending in the United States District Court Southern District of Texas, Houston Division in Case No. 4:19-cv-00226 (Class Action) seeking to release over 4,000 felons from the Harris County Jail.

Based on my training, experience, and understanding of the current circumstances on the ground throughout the State, I believe that such release would strain the already limited law enforcement resources and pose a danger to Texans. I believe if released, these felons would endanger their communities that stretch the limited resources of police departments, putting a bigger strain on the community. The strain will not only be felt in Houston. Historically our jurisdiction has been impacted by organized crime crews from Houston and Harris County traveling to our community committing jugging offenses, burglaries and burglaries from motor vehicles, theft offenses, and a wide range of organized criminal activities. The release of inmates in Harris County will ultimately have an adverse impact on our community and throughout Texas, because the request does not include safeguards for ensuring these suspects and felons remain in Houston after their release.

We are in unprecedented times and the men and women serving in the police department have risked their lives to protect and serve during these trying times. Police departments are working on limited resources. If these high-level offenders are released, the resources will be stretched even further. There is a high likelihood that some of the prisoners that are released will subsequently commit more crimes. We must prevent this from occurring. We will not be able to keep up with demand and the high likelihood of repeat offenses.

The offenders that remain in the jail should not be released without an individual judicial risk assessment balancing the alleged risk of harm to the offender due to the Coronavirus versus the risk of

**EXHIBIT 8**

harm to public safety if they are released or the consideration of other alternatives like testing and isolation of positive inmates within the jail or the opening of another jail facility.

We urge the Court to require a process which is transparent, includes all of the aforementioned considerations, and includes measures for testing inmates for COVID-19 to avoid spreading the virus unwittingly by releasing infected individuals out of a controlled and isolated environment. We urge the Court to review alternatives to a mass release of dangerous persons as requested by this lawsuit, such as activating a standalone jail facility for isolation purposes. The type of drastic measures requested by the Plaintiffs in this lawsuit should not be granted without first considering other options.

Thank you for your consideration,



*Jeff Bryan*
**Chief of Police**

***Garland Police Department***
Garland, Texas
1891 Forest Lane
Office (972) 205-2011
Email: bryanj@garlandtx.gov

**EXHIBIT 8**