SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RUSSELL, *et al.*,
    Plaintiffs,

v.

HARRIS COUNTY, TEXAS, *et al.*,
    Defendants

Case No. 4:19-cv-00226
(Class Action)

### DECLARATION OF IRVING CHIEF OF POLICE JEFF SPIVEY

1. My name is Jeff Spivey. I currently serve as Chief of the Irving, Texas Police Department. I have served in this capacity since March 2017. Prior to my appointment as Chief of Police, I have served with the Irving Police Department since 1986 in numerous roles, including narcotics investigator and investigator of Crimes against persons.

2. I have read the Declaration of Chief Art Acevedo pertaining to the lawsuit pending in the United States District Court Southern District of Texas, Houston Division in Case No. 4:19-cv-00226 (Class Action) seeking to release over 4,000 felons from the Harris County Jail. I agree with his concerns in all respects for the following reasons.

3. Based on my training, experience, and understanding of the current circumstances throughout the State, I believe that such release would strain the already limited law enforcement resources and pose a danger to Texans. I believe if released, these felons would endanger their communities that stretch the limited resources of police departments, putting a bigger strain on the community.

4. Historically our jurisdiction has been impacted by organized crime crews from Houston and Harris County traveling to our community committing jugging offenses, burglaries and burglaries from motor vehicles, theft offenses, and a wide range of organized criminal activities. Accordingly, the strain will not only be felt in Houston, but also throughout the entire State of Texas and nation because the request does not include safeguards for ensuring these suspects and felons remain in Houston after their release.

5. Apart from concerns about the likely increase in crime if these inmates are released, any inmate presently infected with COVID-19 who is released would greatly contribute to the further spread of the virus throughout the state. These inmates are currently in a controlled and isolated environment where medical care is available. Releasing any inmate without prior testing for the COVID-19 virus would enhance the risk of spread throughout the community, and would also

**EXHIBIT 10**

Case 4:19-cv-00226 Document 54-11 Filed on 04/01/20 in TXSD Page 2 of 2
Case 3:20-cv-00832-E Document 27-10 Filed 04/13/20 Page 2 of 2 PageID 378

place the infected inmate in greater danger because he would not likely have the same access to medical care in the community at this time.

6. The men and women serving all communities in Texas - in law enforcement as well as in health care - are risking their lives and their health protecting and serving during this period. Our police departments are working on limited resources. If these high-level offenders are released, our resources will be stretched even further.

7. In order to protect the citizens of Texas and to avoid further taxing law enforcement's already strained resources, no offenders remaining in the Harris County jail should be released without an individual judicial risk assessment balancing the alleged risk of harm to the offender due to the Coronavirus against the risk of harm to public safety if they are released. Alternatively, the Court should consider other alternatives, such as testing and isolation of positive inmates within the jail, or opening another jail facility.

I am executing this declaration as part of my assigned duties and responsibilities. I declare under penalty of perjury that the foregoing statements are true and correct to the best of my ability.

Executed in Dallas County, State of Texas, on the 31st day of March, 2020.

Jeff Spivey, Declarant

**EXHIBIT 10**