UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL, *et al.*, <br> *Plaintiffs*, <br><br> v. <br><br> HARRIS COUNTY, TEXAS, *et al.*, <br> *Defendants*. | § § § § § § § § § § § § § | Case No. 4:19-cv-00226 <br> (Class Action) |

## DECLARATION OF GREGORY W. RUSHIN

1. My name is Gregory W. Rushin. I currently serve as Deputy City Manager over Public Safety for the City of Plano, Texas. Prior to this appointment as Deputy City Manager, I served with the Plano Police Department for nearly 34 years and as Police Chief for approximately the last 18 years. During my time as Police Chief, I held numerous leadership positions in both state and national law enforcement organizations, to include President of the Texas Police Association and an Executive Board Member of the International Association of Chiefs of Police. I am also a former FBI Special Agent that served in the Washington, D.C. Metro Field Office.

2. As Deputy City Manager, I am responsible for the Police Department, Fire Department, Emergency Management, Public Safety Communications, and Animal Services.

3. It is my understanding that the Plaintiffs in this lawsuit are seeking an order to release over 4,000 felons from the Harris County Jail based on the COVID-19 outbreak.

4. The Plano Police Department has had four police officers test positive for the COVID-19 virus so far. This has led to the exposure of many other police officers and civilian staff within the department that were required to be

**EXHIBIT 14**

quarantined. Also, much of our officers and civilian staff time is now being spent on COVID-19 related work, instead of their normal law enforcement functions.

5. Based on my training, experience, and understanding of the current circumstances throughout the State, I believe that such a release would strain the already limited law enforcement resources throughout the State and pose a danger to the citizens of Texas.

6. This pandemic is like nothing we have ever seen before, but releasing potentially dangerous felons will not serve the public at large.

7. The wholesale release of prisoners in this current environment would add a much greater burden to law enforcement. "Non-violent" offenders include those arrested for crimes such as burglary (including burglary of a habitation, building, and vehicle), fraud, felony DWI (3rd or more), and bail jumping. Each of the offenders charged with these offenses may pose a much greater risk than the charge would suggest.

Burglary - Many times burglaries elevate to assaultive crimes when the owner comes home during the crime, or the owner is initially undetected in the home before entry. These offenders create this risk every time they commit a burglary, and cause a loss to victims.

Fraud - Everyone is a target of fraud, but seniors are particularly vulnerable. These crimes can take a senior's life savings and ruin their lives. The age of seniors places them in a higher risk category to COVID-19, so they are asked to stay home and not take risks. This makes for a target-rich environment for fraudsters, at a time where law enforcement is stretched thin.

Felony DWI - These offenders endanger all of us who drive, and those arrested for felony DWI have demonstrated an ongoing and pervasive threat to the safety and property of our community.

Bail Jumping and Failure to Appear - Offenders who fail to abide by a court order demonstrate they must be incarcerated to facilitate the justice process. The initial arrest of felons is dangerous and can take an extraordinary amount of police resources. It poses a significant danger to law enforcement when there is a need to re-arrest these offenders. Releasing felons back into our communities would be extremely detrimental to law enforcement efforts, and would be exacerbated more in our current environment with COVID-19.

**EXHIBIT 14**

8. Plano is a Dallas suburb, but we do have many felony offenders who travel to our city from Houston, to commit criminal offenses. Two examples we have historically encountered are organized crime groups from Houston. The first group targets Asian households for the purpose of stealing jewelry. The second group targets victims who withdraw large sums of money from local banks and will steal the money from the victim's vehicle or rob the victim after they leave the bank.

9. In conclusion, I believe releasing felons into the community would not serve the best interest of the public in our current environment by endangering the public and straining already limited resources.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my ability.

Date: 03-31-20

Gregory W. Rushin
Deputy City Manager – Public Safety
Plano, Texas

**EXHIBIT 14**