IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR SANCHEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action |
| | ) | Case No. 3:20-cv-00832-E |
| v. | ) | |
| | ) | |
| SHERIFF MARIAN BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AGREED HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to agreement of the parties, and the Court having legal authority, being otherwise fully advised, and finding good cause for the issuance of a qualified protective order, the court enters this HIPAA Qualified Protective Order and Order to Disclose Protected Health Information, which incorporates by reference the Agreed Protective Order.  It is ORDERED AND ADJUDGED as follows:

1. In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH"), specifically, pursuant to 45 C.F.R. § 164.512(e)(1), the Court hereby enters this HIPAA Qualified Protective Order ("QPO"), as the term is defined in the foregoing regulations and, pursuant to 45 C.F.R. § 164.512(e)(1)(i), the Court hereby orders Dallas County Hospital District d/b/a Parkland Health and Hospital System ("Parkland"), to disclose protected health information to the attorneys representing the above-named parties subject.

2. Parkland shall produce the Protected Health Information ("PHI") (as defined in 45 C.F.R. § 160.103), relating to either the past, present, or future physical or mental condition of, or the provision of care to, any individual detained at the Dallas County Jail as of April 10, 2020 and meeting the following criteria:

    a. Has lung disease, including asthma or chronic obstructive pulmonary disease (e.g. bronchitis or emphysema);

    b. Has heart disease, such as congenital heart disease, congestive heart failure and coronary artery disease;
    c. Has chronic liver or kidney disease (including dialysis patients);
    d. Has diabetes or other endocrine disorders;
    e. Has epilepsy;
    f. Has hypertension;
    g. Has a compromised immune system (such as from cancer, HIV, receipt of an organ or bone marrow transplant, as a side effect of medication, or other autoimmune disease);
    h. Has blood disorders (including sickle cell disease);
    i. Has inherited metabolic disorders;
    j. Has a history of stroke;
    k. Is now or has been pregnant within the last two weeks;
    l. Is 50 years of age or older; and/or
    m. Has any other condition identified either now or in the future as being a particular risk for severe illness and/or death caused by COVID-19;

until such time as this litigation concludes by dismissal or by final judgment, as such information is obtained by discovery procedures, and in receiving such PHI, all parties are:

    n. Prohibited from using or disclosing PHI for any purpose other than the litigation of the above-styled lawsuit.

        i. PHI includes, but is not limited to, health information, including demographic information, relating to either (i) the past, present or future physical or mental condition of an individual, (ii) the provision of care to an individual, or (iii) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    o. Required to return to the disclosing entity, or destroy the PHI (including all copies made in accordance with current National Institute of Standards and Technology *NIST Special Publication 800-88* and confirm in writing to the other party the method of destruction), within 45 days of the conclusion of the litigation of the above-styled lawsuit, except that counsel are not required to secure the return or destruction of PHI submitted to the Court. ("Litigation" is not defined by HIPAA, but should be understood to include all trial and appellate proceedings at any level or the expiration of the time to commence such further appellate proceedings without appeal.).

3. The parties and their attorneys shall be permitted to use or disclose the PHI for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants and other entities or persons involved in the litigation process, subject to the terms of the next section.
4. Prior to disclosing the PHI to persons involved in this litigation, counsel shall inform each such person that the PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the PHI do not use or disclose such information for any purpose other than this litigation. The parties and their attorneys are responsible for any improper disclosure by any employee, agent, contractor or subcontractor, expert, consultant or copy service they retain.
5. This QPO does not control or limit the use of PHI that comes into possession of the parties or their attorneys from a source other than a "covered entity."
6. In those instances where either party, or a party's legal counsel enters, or has entered into, a Business Associate Agreement (as defined by HIPAA), the Business Associate is subject to the terms and conditions of uses, disclosures and disposal of the PHI and other patient information disclosed pursuant to the terms of this Order.
7. Except for a motion for enforcement of this QPO for inappropriate disclosure, this QPO shall expire upon the conclusion of this litigation by any dismissal or by final judgment, through and including all appellate proceedings, unless the time for commencing such proceedings has expired without an appeal.
8. This QPO does not permit the use and disclosure of PHI that relates to mental health treatment; substance use disorder diagnosis, treatment, or referral (as defined in 42 C.F.R. part 2, § 2.11); communicable diseases; or genetic testing records. If any party intends to use or disclose such PHI, the parties must comply with 42 C.F.R. part 2, § 2.64 and Texas Health & Safety Code, Sections 81.046(g) and 611.001 *et seq.* by first seeking and obtaining the necessary additional order(s).
9. A copy of this QPO shall be valid as an original.
10. If any party wishes to submit Protected Health Information to the court, the submission must be filed only under seal on CM/ECF if filed electronically or if filed in hard copy in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL PROTECTED HEALTH INFORMATION**
[caption]
**This envelope, which is being filed under seal,
contains documents that are subject to a Protective
Order governing the use of confidential discovery material.**

**No Prejudice.**

**SO ORDERED.**

Signed April 18, 2020.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE