UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OSCAR SANCHEZ, MARCUS WHITE, TESMOND MCDONALD, MARCELO PEREZ, ROGER MORRISON, KEITH BAKER, PAUL WRIGHT, TERRY MCNICKELS, JOSE MUNOZ, KIARA YARBOROUGH, OLIVIA WASHINGTON, and IDEARE BAILEY, *on their own and on behalf of a class of similarly situated persons*, <br><br> *Petitioners/Plaintiffs*, <br><br> v. <br><br> DALLAS COUNTY SHERIFF MARIAN BROWN, *in her official capacity*, and DALLAS COUNTY, TEXAS, <br><br> *Respondents/Defendants.* | Civil Action No. 20-cv-832-E |

## SANCHEZ PLAINTIFFS' SUR-REPLY OPPOSING INTERVENTION

Oscar Sanchez and the other plaintiffs submit this sur-reply to address two outcome-determinative reply arguments that the proposed intervenors (PIs)[1] make in support of their motion for mandatory or permissive intervention under Rule 24—(1) that PIs have the same interests in this case, which solely concerns unconstitutional *conditions of confinement* in the COVID-19-infested Dallas County Jail, as they do in a *pre-pandemic* case that directly challenges *a state-wide Executive Order* regarding *bail* policies and practices[2] and that therefore this Court should adopt the *Russell* court's decision to grant an *unopposed* motion to intervene by the PIs[3] and (2) that the PIs fear the Dallas County and the Dallas County Sheriff might not adequately protect the PIs'

---

[1] The PIs are the State of Texas, the Governor of Texas, and the Attorney General of Texas.
[2] The bail case challenging the state-wide Executive Order is *Russell v. Harris County*, No. 4:19-cv-226 (S.D. Tex.).
[3] *Id.*, Doc. 46 at 1 ("The plaintiffs indicated that they do not oppose the intervention.").

1

narrow and contingent interest in potentially blocking release of the limited number[4] of detained persons who may at some time in the future be transferred into State custody.[5]

Because the factual and legal subject matter of the *Russell* case is fundamentally different from the factual and legal subject matter of this case, the order in *Russell* granting an unopposed motion to intervene is no precedent for giving the PIs a roving commission here to challenge every decision on every issue by Dallas County, the Sheriff, and this Court. And because the only proper role for the PIs in this case is to protect a secondary interest that constitutes a *primary* interest for Dallas County and the Sheriff—the confinement in the Dallas County Jail of post-conviction detained persons who may be awaiting transfer to State custody[6]—the most appropriate ruling is either to deny the motion altogether or to grant PIs permissive intervention solely for the limited purpose of protecting their position vis-à-vis those specific detained persons.

*Sanchez* plaintiffs respectfully submit a form of Order Regarding Intervention for the Court's consideration.

---

[4] Plaintiffs' requested relief is best represented in their Prayer for Relief and Proposed Orders granting their Motions for a Temporary Restraining Order, Preliminary Injunction, and Writ of Habeas Corpus, all filed with their original Petition/Complaint. The framing provided in paragraph 9 of their amended complaint presents a drafting oversight. The first sentence should read "Plaintiffs . . . request immediate release of all *Medically-Vulnerable* Plaintiffs and *Subclass* Members. . . " Plaintiffs would be happy to submit a Second Amended Complaint to clarify.

[5] The PIs' inability to show the inadequacy of representation prong of the test for intervention is fatal to their motion to intervene. *E.g., Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) ("Failure to satisfy any one requirement precludes intervention of right.")

[6] The alignment of the PIs' interest with that of the existing defendants raises a presumption of adequate representation. *Id.* at 1005 ("The second presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit. In such cases, the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption.").

Dated: April 20, 2020.

Respectfully submitted,

| _____ | _____ | /s/ Barry Barnett_____ |
|---|---|---|
| AMERICAN CIVIL LIBERTIES FOUNDATION | ACLU FOUNDATION OF TEXAS | SUSMAN GODFREY L.L.P. |
| Andrea Woods* | Brian Klosterboer | Barry Barnett |
| N.Y. Bar No. 5595509 | Texas. Bar No. 24107833 | Texas Bar No. 01778700 8115 Preston Road, Suite 575 |
| Brandon Buskey* | Adriana Piñon** | Dallas, TX 75225 |
| 125 Broad Street, 18th Floor | Texas Bar No. 24089768 | (866) 754-1900 |
| New York, NY 10004 | Andre Segura | *bbarnett@susmangodfrey.com* |
| (212) 549-2528 | Texas Bar No. 24107112 | |
| *awoods@aclu.org* | 5225 Katy Fwy., Suite 350 | Michael Gervais* |
| | Houston, TX 77007 | N.Y. Bar No. 5122890 |
| Henderson Hill* | Tel: (713) 942-8146 | 1900 Avenue of the Stars, Suite 1400 |
| N.C. Bar No. 18563 | Fax: (346) 998-1577 | Los Angeles, CA 90067 (310) 789-3100 |
| 201 W. Main St. Suite 402 | | *mgervais@susmangodfrey.com* |
| Durham, NC 27701 | _____ | |
| (919) 682-9563 | CIVIL RIGHTS CORPS | |
| *hhill@aclu.org* | Katherine Hubbard*** | _____ |
| | D.C. Bar No. 1500503 | NEXT GENERATION ACTION NETWORK |
| Amy Fettig* | Elizabeth Rossi* | Alison Grinter |
| D.C. Bar No. 484883 | D.C. Bar No. 1500502 | Texas Bar 24043476 |
| 915 15th Street N.W., 7th Floor | 1601 Connecticut Ave NW, Suite 800 | Kim T. Cole |
| Washington, D.C. 20005 | Washington, D.C. 20009 | Texas Bar No. 24071024 1808 South Good Latimer Expressway |
| (202) 548-6608 | (202) 894-6126 | Dallas, TX 75226 |
| *afettig@aclu.org* | *katherine@civilrightscorps.org* | (214) 704-6400 |
| | *elizabeth@civilrightscorps.org* | *agrinter@thengan.com* |
| | | *kcole@thengan.com* |

ATTORNEYS FOR PETITIONERS/PLAINTIFFS
*\*admitted pro hac vice*
*\*\*N.D. Texas admission application forthcoming*
*\*\*\* pro hac vice application forthcoming*

## CERTIFICATE OF CONFERENCE

On April 20, 2020, I communicated by email with Kate David and Ben Stephens, counsel for defendants Dallas County Sheriff Marian Brown and Dallas County, Texas, and with Adam Biggs, counsel for proposed intervenors the State of Texas, the Governor of Texas, and the Attorney General of Texas, that the plaintiffs' would file a sur-reply opposing intervention. Mr. Stephens and Mr. Biggs advised me that their clients did not oppose to the filing of a sur-reply.


*/s/ Barry Barnett*
Barry Barnett


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's CM/ECG system on all counsel registered with that system, and via email, on April 20, 2020.

*/s/ Barry Barnett*
Barry Barnett