UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OSCAR SANCHEZ, MARCUS WHITE, TESMOND MCDONALD, MARCELO PEREZ, ROGER MORRISON, KEITH BAKER, PAUL WRIGHT, TERRY MCNICKELS, JOSE MUNOZ, KIARA YARBOROUGH, OLIVIA WASHINGTON, and IDEARE BAILEY; *on their own and on behalf of a class of similarly situated persons*;<br><br>*Petitioners/Plaintiffs*,<br><br>v.<br><br>DALLAS COUNTY SHERIFF MARIAN BROWN, *in her official capacity*; DALLAS COUNTY, TEXAS;<br><br>*Respondents/Defendants* | Civil Action No. 20-cv-832 |

**AMENDED [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, MOTION FOR A PRELIMINARY INJUNCTION, AND PETITION FOR WRIT OF HABEAS CORPUS**

The Plaintiffs' Motion for Temporary Restraining Order, Motion for a Preliminary Injunction, and Petition for Writ of Habeas Corpus is GRANTED:

1. The Court hereby provisionally certifies the Pre-Adjudication Class, Post-Adjudication Class, and the Medically-Vulnerable Subclasses as defined in Plaintiffs' Amended Complaint and Motion for Class Certification;

2. It is ORDERED that within six hours of this order (by _____ [a.m./p.m.] today), Defendants shall provide the Plaintiffs and this Court with a list of all individuals who are currently detained at the Dallas County Jail who meet any of the following criteria:

- Have lung disease, including asthma, chronic obstructive pulmonary disease (e.g. bronchitis or emphysema), or other chronic conditions associated with impaired lung function;

1

- Have heart disease, such as congenital heart disease, congestive heart failure and coronary artery disease;

- Have chronic liver or kidney disease (including hepatitis and dialysis patients);

- Have diabetes or other endocrine disorders;

- Have hypertension;

- Have a compromised immune system (such as from cancer, HIV, receipt of an organ or bone marrow transplant, as a side effect of medication, or other autoimmune disease);

- Have blood disorders (including sickle cell disease);

- Have inherited metabolic disorders;

- Have a history of stroke;

- Have a developmental disability;

- Are now or have been pregnant within the last two weeks;

- Are 50 years of age or older; and/or

- Have any other condition identified either now or in the future as being a particular risk for severe illness and/or death caused by COVID-19.

3. Within 24 hours after that list has been submitted (by _____ [a.m./p.m.] tomorrow), Defendants shall release, or show cause for any failure to release, all persons on the list who are only in the custody of the Dallas County Jail awaiting transfer to a treatment facility (e.g. Wilmer drug treatment facility; Intermediate Sanctions Facility (ISF); Substance Abuse Felony Punishment facility (SAFP) as a condition of their probation. When a space becomes available at the treatment facility a petitioner was waiting for, they shall be ordered to report to the treatment provider. The [United States Magistrate] Court shall hold a hearing on _____ at _____ [a.m./p.m.] on Defendants' orders to show cause.

4. The remaining persons on the "medically vulnerable" list shall be released within [seven days of this Order], absent objection by the government. The [United States Magistrate]

Court will schedule hearings [twice/three times] per week to evaluate whether the petitions of objected-to petitioners should be granted, considering both the deprivation of their federal rights posed by the COVID-19 outbreak and any evidence that the individual poses a serious risk of flight or danger to others. The Court shall grant the petitions of Medically-Vulnerable Subclass Members absent clear and convincing evidence that they pose a risk of flight or danger that no other conditions can mitigate, and that that risk outweighs the threat to their health and safety posed by their exposure to COVID-19 in the Dallas County Jail.

5. Defendants shall provide all persons on the list described in Paragraph 1 educational resources on COVID-19 including instructions that they should self-isolate for the CDC-recommended period of time (currently 14 days) following release.

6. Defendants remain free to voluntarily release any person or group of people currently incarcerated at the Dallas County Jail to the extent allowed by law.

7. Defendants are immediately ordered to:

   a. Provide unrestricted access to hand soap and disposable hand towels to facilitate handwashing;

   b. Provide unrestricted access to hand sanitizer that contains at least 60% alcohol;

   c. Provide unrestricted access to tissues, or if tissues are not available, additional toilet paper;

   d. Provide unrestricted access to cleaning supplies for each housing area, including bleach-based cleaning agents and CDC-recommended disinfectants in sufficient quantities to facilitate frequent cleaning, including in quantities sufficient for each inmate to clean and disinfect the floor and all surfaces of his

      own housing cubicle, and provide new gloves and masks for each inmate during each time they are cleaning or performing janitorial services;

e. Provide sufficient masks for all detainees, including the ability to replace daily or if a mask becomes dirty or breaks;

f. Clean common surfaces in housing areas, bathrooms, day rooms, recreational areas, the booking area, kitchen, and any dining areas every thirty minutes from 7 a.m. to 10 p.m. with bleach-based cleaning agents, including table tops, telephones, door handles, and restroom fixtures;

g. Test all new detainees entering the Dallas County Jail for COVID-19;

h. Suspend all co-pays for medical calls;

i. Provide consistent and reliable access to legal calls, personal telephone calls, daily showers, and clean clothing and clean linens to all inmates on isolation status;

j. Provide detainees with up-to-date information about the transmission and risks of COVID-19, including in a manner available to non-English speakers;

k. Train Jail staff on protocols around the transmission of COVID-19, how to identify symptoms of COVID-19, and how to ensure sufficient sanitation and hygiene supplies are stocked in all units at all times;

l. Provide appropriate and consistent implementation of social distancing policies, ensuring detainees and staff are able to maintain a six foot or more distance at all times, including by addressing limitations in current staffing levels;

    m. Establish protocols for detainees to report symptoms and receive health screenings; and

    n. Respond to all COVID-19 related emergencies in the jail within an hour.

  8. The Court orders a plan, to be submitted to the Court in three (3) days from the date of this Order and overseen by a qualified public health expert agreed upon by the parties or ordered by the Court pursuant to Fed. R. Evid. 706, which outlines:

    a. And additional, specific mitigation efforts needed to prevent, to the degree possible, contraction of COVID-19 by all Class Members not immediately released;

    b. A housing and/or public support plan for any released Class or Subclass Members who do not readily have a place to self-isolate for the CDC-recommended period of time (currently 14 days).

    c. An evaluation of whether the release of the Subclass Members permits adequate social distancing and whether other categories of prisoners must be released to provide for compliance with CDC guidelines.

  9. For the pendency of this case, Defendants shall be ordered to abide by the plan set forth in Paragraph 8 and the injunction detailed in Paragraph 7. The 706 expert shall be authorized to make unannounced visits to the Dallas County Jail to inspect practices, and provided unfettered access when inspecting.

  10. Each Monday, no later than 1 pm. Central Time, Defendants must submit to Plaintiffs and the Court a list of any persons who are in custody of the Dallas County Jail who meet any of the following criteria, along with the basis of their objection to their release:

- Have lung disease, including asthma, chronic obstructive pulmonary disease (e.g. bronchitis or emphysema), or other chronic conditions associated with impaired lung function;

- Have heart disease, such as congenital heart disease, congestive heart failure and coronary artery disease;

- Have chronic liver or kidney disease (including hepatitis and dialysis patients);

- Have diabetes or other endocrine disorders;

- Have hypertension;

- Have a compromised immune system (such as from cancer, HIV, receipt of an organ or bone marrow transplant, as a side effect of medication, or other autoimmune disease);

- Have blood disorders (including sickle cell disease);

- Have inherited metabolic disorders;

- Have a history of stroke;

- Have a developmental disability;

- Are now or have been pregnant within the last two weeks;

- Are 50 years of age or older; and/or

- Have any other condition identified either now or in the future as being a particular risk for severe illness and/or death caused by COVID-19.

11.    For the reasons explained in the attached opinion, the Court finds that the preliminary injunctive relief requested by Plaintiffs is narrowly drawn, extends no further than necessary to correct the harm this Court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm. Further, this Court has reached its conclusion after giving substantial weight to any possible adverse impact on public safety and the operation of the criminal legal system that could possibly be caused by preliminary relief.

DONE AND ORDERED this ____ day of April 2020.

_____
United States District Judge

Copies furnished to: All Counsel of Record