IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR SANCHEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action |
| | ) | Case No. 3:20-cv-00832 |
| v. | ) | |
| | ) | |
| SHERIFF MARIAN BROWN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ADVISORY TO THE COURT**

An opinion issued by the Fifth Circuit yesterday in a related case dooms Plaintiffs' request for a temporary restraining order, preliminary injunction, permanent injunction, and writ of habeas corpus. *Valentine v. Collier*, No. 20-20207 (5th Cir. Apr. 22, 2020), *available at* ECF No. 76-1.

A preliminary injunction may be granted only if Plaintiffs establish (1) a substantial likelihood of success on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied, (3) that the threatened injury outweighs any damage the injunction might cause defendants, and (4) that the injunction will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014). Because preliminary injunctions are extraordinary remedies, a movant must clearly carry the burden of persuasion on all four requirements. *PCI Transp. Inc. v. Fort Worth & W.R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

Plaintiffs are required to prove that Dallas County and Sheriff Brown are deliberately indifferent to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994);

*Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996). As the Fifth Circuit explained in *Valentine*, the Eighth Amendment inquiry under *Farmer v. Brennan* contains both an objective requirement and a subjective requirement. To satisfy the objective requirement, a plaintiff must show an objectively intolerable risk of harm. *Farmer v. Brennan*, 511 U.S. at 846. To satisfy the subjective requirement, a plaintiff must show that the defendant (1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk. *Id.* at 83; *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019).

The incidence of infections, standing alone, does not imply unconstitutional conditions of confinement. *Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009). Instead, a plaintiff must show a denial of basic human needs. *Id.* Deliberate indifference is an extremely high standard to meet. *Cadena v. El Paso Cty.*, 946 F.3d 717, 728 (5th Cir. 2020).

**1.    Plaintiffs are unlikely to succeed on the merits because they cannot satisfy *Farmer v. Brennan's* objective requirement.**

The district court in *Valentine* granted much the same relief Plaintiffs seek here: unrestricted access to hand soap and disposable towels, hand sanitizer, tissues or additional toilet paper, cleaning supplies, masks, required cleaning of common areas at specified intervals, testing for all incoming inmates, quarantine procedures for 14 days after entry into the unit, training on COVID-19, suspended medical copays, and a quarantine and testing plan. ECF. No. 73-1 at 2.

Like the Pack Unit, the Dallas County Jail is already doing most of these things. Hand soap, sanitizer, cleaning supplies are available. Masks have been distributed. Everyone entering the Dallas County Jail is screened. Signs are posted. Inmates suspected or confirmed to have COVID-19 are separated from the remainder of the population.

The Fifth Circuit concluded that the *Valentine* plaintiffs had not shown that, after accounting for the measures taken by TDCJ, plaintiffs would suffer an objectively intolerable risk of harm. The incidence of infections does not, standing alone, imply unconstitutional conditions of confinement. *Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009).

As Plaintiffs' witnesses have conceded, several rounds of protective measures have been implemented at the Dallas County Jail, including many of the items Plaintiffs seek. Mr. Jones admitted that he was given a mask well before the CDC guidelines recommended general mask-wearing. Mr. Jones also testified that inmates watch the news regularly, and are therefore informed about COVID-19. The remainder of his testimony consisted of generalizations about jail conditions and practices prior to April 3. Both the CDC and the Dallas County Jail have revised their guidelines and practices as they have learned more abut managing COVID-19, so the most that giving weight to Mr. Jones's testimony could do is support an injunction for the Dallas County Jail to continue doing what it is now doing. *Valentine* rejected this sort of injunction.

Officer Lewis acknowledged that soap is plentiful, hand sanitizer and cleaning supplies are available on request, inmates and jail personnel have masks, and that the jail population has decreased dramatically in recent weeks. Officer Lewis also testified that a professional cleaning crew has come in to clean cells vacated by known or suspected COVID-19-positive inmates. Officer Lewis also testified that there are COVID-19 signs in the areas of the jail in which he works.

Dr. Cohen acknowledged that the Dallas County Jail is generally following CDC guidelines: masks, soap, sanitizer, and cleaning products are available. There are two significant gaps in Dr. Cohen's testimony that mean it does not support an injunction. First, the standards

Dr. Cohen used are not generally recognized in the medical community and go further than the CDC guidelines. Dr. Cohen did not consider ADHD, hearing loss, or Tourette Syndrome developmental disabilities. The CDC does.[1] Dr. Cohen was one of five co-signers of a Chicago declaration on managing COVID-19. Second, Dr. Cohen admitted that he disagrees with CDC guidance regarding advanced age as a risk factor. Dr. Cohen would therefore go further than the CDC in establishing jail-management protocols than the CDC has advised. No precedent supports a conclusion that the Eighth Amendment's prohibition against cruel and unusual punishment requires more stringent guidelines than those published by the CDC.

Ms. Bailey testified at length, over objection, regarding things her husband told her about his conditions of confinement. There are exceptions to the rule against hearsay that apply when the declarant is unavailable to testify. Ms. Bailey's testimony did not fit into any of the exceptions in Rule 804(b). There is no equitable or inherent power to exempt proceedings from the Federal Rules of Civil Procedure. As such, the Court is barred from giving weight to Ms. Bailey's testimony and should disregard it.

Considering all the measures enacted by Dallas County and Sheriff Brown, Plaintiffs cannot show an objectively intolerable risk of serious harm.

**2.     Plaintiffs are unlikely to succeed on the merits because they cannot satisfy *Farmer v. Brennan's* subjective requirement.**

Plaintiffs have not shown—or attempted to show—that Sheriff Brown or Dallas County is aware of a substantial risk of harm and has chosen to deliberately disregard that risk. To the contrary, the record is replete with evidence of the ever-increasing steps Sheriff Brown and Dallas County have taken to mitigate the risks posed by COVID-19. The measures implemented by Defendants have evolved over the course of the last two months; so has CDC guidance and

---

[1] Specific Types of Developmental Disabilities, Centers for Disease Control and Prevention, https://www.cdc.gov/ncbddd/developmentaldisabilities/specificconditions.html (last visited Apr. 23, 2020).

the best medical understanding of COVID-19. Faulting Defendants for working to continually improve protective measures is inconsistent with *Farmer v. Brennan's* objective deliberate-indifference requirement and harmful to the public interest.

3.   **Plaintiffs cannot satisfy the public interest factors necessary for a stay.**

Plaintiffs would morph this federal court into a prison administrator, or at least into the prison administrator's hiring committee. They seek review, case by case, of whether a particular defendant or convict is a flight risk, a danger to the community, or medically vulnerable—all in service of deciding who should, and who should not, be incarcerated in jail facilities. The Texas Legislature assigned the prerogatives of prison policy to the Texas Department of Criminal Justice. TEX. GOV'T CODE Ch. 501. The Texas Legislature also assigned oversight of county jails to the Texas Commission on Jail Standards. TEX. GOV'T CODE Ch. 511. It is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures than the administration of its prisons. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006). Plaintiffs seek to impose federal monitoring, and federal dictates for managing the quotidian details of jail administration. Such a result would not only invade the state interest in managing facilities designed and build for those accused of and convicted of crimes against state laws, it would also undermine the sovereignty of the State of Texas. Plaintiffs cannot satisfy the public interest factors for obtaining an injunction.

4.   **Plaintiffs are unlikely to prevail because they have not exhausted their available remedies.**

Plaintiffs' inability to satisfy the public interest factors for granting an injunction highlights the reasons for Section 2241's exhaustion requirement. These are issues that state courts should be permitted to pass on in the first instance as a matter of respecting the Tenth Amendment specifically and our constitutional order generally.

Further, Plaintiffs have not exhausted their remedies under the Prison Litigation Reform Act for the reasons specified in *Valentine*, in Intervenors' Motion to Dismiss, and in Intervenors' Notice of Supplemental Authority. Defendants join in Intervenors' arguments.

## CONCLUSION

The Fifth Circuit's stay in *Valentine* explains why Plaintiffs here are not entitled to a temporary restraining order, a preliminary injunction, or a writ of habeas corpus.

The *Valentine* stay opinion also presages the doom of Plaintiffs' case. In sensitive matters of state policy, particularly where the medical standards are rapidly evolving, and public officials are not deliberately indifferent to serious risks of substantial harm, federal courts may not substitute their own judgment for that of state officials carrying out a core state function. The court should deny the injunction requested and dismiss Plaintiffs' case.

Date: April 23, 2020

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Kate David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Nick Stepp
Texas Bar No. 24077701
nick.stepp@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

*/s/ Russell H. Roden*
Russell H. Roden
Texas Bar No. 17132070
russell.roden@dallascounty.org
John Butrus

>Texas Bar No. 03537330
>john.butrus@dallascounty.org
>133 N. Riverfront Blvd., LB 19
>Dallas, Texas 75207
>Tel: 214.653.3600
>Fax: 214.653.5774
>**COUNSEL FOR DALLAS COUNTY, TEXAS AND SHERIFF MARIAN BROWN**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the ECF system of the Court on April 23, 2020.

>*/s/ Ben Stephens*
>Ben Stephens