IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR SANCHEZ, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action |
| | ) | Case No. 3:20-cv-00832 |
| v. | ) | |
| | ) | |
| SHERIFF MARIAN BROWN, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROPOSED DOCKET CONTROL ORDER

The Parties note the following points of disagreement for the Court's consideration prior to entry of this proposed Docket Control Order:

On April 15, 2020, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6). ECF Nos. 35, 35-1. On April 17, 2020, Plaintiffs filed a First Amended Petition and Complaint. ECF No. 39. On April 19, 2020, Defendants filed an Amended Motion to Dismiss. ECF No. 53. On April 20, 2020, the Court denied both of Defendants' motions to dismiss. Doc. No. 71. This docket entry *did not* dismiss the State Intervenors first Motion to Dismiss that was included in their response to the Motion for Temporary Restraining Order. Due to the timing of their intervention in this case and the hearing on Plaintiffs' Motion for Temporary Restraining Order, State Intervenors did not have an opportunity to file a second Rule 12 motion as to Plaintiffs' First Amended Petition and Complaint in this case.

After a four-day hearing on Plaintiffs' Motion for a Temporary Restraining Order, the Court denied the motion on April 27, 2020. ECF No. 85. The Court issued a Memorandum Opinion and Order providing its reasoning for the denial of emergency injunctive relief on May

22, 2020 [ECF No. 99] (the "Order"). In the Order, the Court indicated, *inter alia*, that it was dismissing Plaintiffs' petition for writ of habeas corpus (*id*. at p. 28) and that "there is no evidence that the named Plaintiffs exhausted the jail's grievance procedure" which "is a prerequisite to Plaintiffs' § 1983 claims" and that such "failure to exhaust the appropriate grievance procedures is fatal to their request for injunctive relief (*id*. at p. 35)."

The Parties disagree regarding which claims remain at issue in this lawsuit after the Court's entry of the Order and, accordingly, seek clarification from the Court. Specifically, it is Defendants' and State Intervenor's position that Plaintiffs' petition for writ of habeas corpus is no longer at issue in this case and that the Court ruled that Plaintiffs' § 1983 claims are not viable because Plaintiffs failed to exhaust the appropriate grievance procedures. *See*, *e.g.*, ECF No. 99 at pp. 21-28, 35. To the extent the Order did not dispose of Plaintiffs' habeas and § 1983 claims, it is Defendants' and State Intervenors' position that they are entitled to file Rule 12 motions on such claims prior to engaging in discovery in this case to avoid unnecessary discovery regarding claims that are not viable.

It is Plaintiffs' position that the denial of their Motion for Temporary Restraining Order is procedurally limited to that motion, that there was no motion to dismiss then before the Court, and no judgment was entered with respect to Plaintiffs' habeas claims.  The availability of jail grievances for the purpose of the PLRA it is an affirmative defense, and therefore defendants' burden, to establish both that grievances were available to the Plaintiffs and that Plaintiffs did not submit grievances.  *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). It is therefore Plaintiffs position that dismissal on the basis of the Court's TRO ruling is procedurally improper, and in any event a number of the Plaintiffs in this case did complete the grievance procedure sufficient to represent the purported classes in this case.

Defendants' and State Intervenors' position is that Rule 12 motions may be filed on all claims raised by Plaintiffs' then-live pleading. Plaintiffs' position is that Rule 12 motions are limited only to new claims raised in any amended petition, as successive motions to dismiss are not otherwise authorized under the federal rules.

To this extent the Court does not allow further Rule 12 motions, Defendants and State Intervenors request leave to file an answer to the First Amended Petition and Complaint. Because of the fast-moving way that this case unfolded, and its complexity good cause exists for the requested relief.  Plaintiffs note that the answer deadline passed on May 4, 2020, fourteen days after the Court denied the motions to dismiss on April 20, 2020.

Based on the foregoing, the Parties respectfully request clarity from the Court regarding the current scope of the case prior to entry of a Docket Control Order.

Subject to the issues enumerated above and any clarification provided by the Court regarding the same, the Parties propose disposition of this case will be controlled by the following schedule and deadlines:

| | |
|---|---|
| 1. NEW PARTIES shall be joined by: The Attorney causing the addition of new parties will provide copies of this Order to new parties. | Due date: July 17, 2020 |
| 2. DEADLINE TO AMEND PLEADINGS: Parties filing motions after this deadline must show good cause. | Due date: July 17, 2020 |
| 3. DEADLINE TO FILE RULE 12 MOTIONS, OR ANSWER to Plaintiffs' First Amended Complaint if Plaintiffs do not amend pleadings and Defendants do not file a Rule 12 motion. | Due date: August 7, 2020 |

| | |
|---|---|
| 4. DEADLINE TO RESPOND TO RULE 12 MOTIONS: | Due date: August 28, 2020 |
| 8. DEADLINE TO FILE REPLIES to Rule 12 motions, if any: | Due date: September 7, 2020 |
| 9. COMPLETION OF FACT DISCOVERY: | Due date: October 30, 2020 |
| 10. DEADLINE TO FILE AMENDED MOTION FOR CLASS CERTIFICATION: | Due date: November 6, 2020 |
| 11. DEADLINE TO RESPOND TO AMENDED MOTION FOR CLASS CERTIFICATION: | Due date: November 20, 2020 |
| 12. DEADLINE TO REPLY TO AMENDED MOTION FOR CLASS CERTIFICATION: | Due date: December 4, 2020 |
| 10. EXPERTS ON MATTERS OTHER THAN ATTORNEY'S FEES: | a. November 20, 2020: The plaintiffs (or the party with the burden of proof on an issue) will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure along with any other data or other materials relied on by the expert in forming their opinion.<br><br>b. December 11, 2020: The opposing party will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure along with any other data or other materials relied on by the expert in forming their opinion. |
| 11. COMPLETION OF EXPERT DISCOVERY: | Due date: January 29, 2021 |

| | |
|---|---|
| 12. PRETRIAL DISPOSITIVE MOTIONS DEADLINE: Responses must be filed within 14 days from the date the motion is filed, regardless of when the motion is filed. Replies may be filed within 7 days from the date the response is filed. | Due date: February 19, 2021 |
| 13. DOCKET CALL: | Due date: March 26, 2021 |

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Kate David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Nick Stepp
Texas Bar No. 24077701
nick.stepp@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

*/s/ Russell H. Roden*
Russell H. Roden
Texas Bar No. 17132070
russell.roden@dallascounty.org
John Butrus
Texas Bar No. 03537330
john.butrus@dallascounty.org
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207
Tel: 214.653.3600
Fax: 214.653.5774

**COUNSEL FOR DALLAS COUNTY, TEXAS AND SHERIFF MARIAN BROWN**

## CERTIFICATE OF CONFERENCE

I certify that counsel for Defendants, Plaintiffs, and State Intervenors conferred by email and phone and all parties are agreed to the proposed docket control order subject to the issues set forth herein and further clarification from the Court.

/s/ Kate David
Kate David

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the ECF system of the Court on June 29, 2020.

/s/ Kate David
Kate David