IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR SANCHEZ, MARCUS WHITE, TESMOND MCDONALD, MARCELO PEREZ, ROGER MORRISON, KEITH BAKER, PAUL WRIGHT, TERRY MCNICKLES, AND JOSE MUNOZ, on their own behalf and on behalf of a class of similarly situated persons,<br>    *Petitioners/Plaintiffs,*<br><br>v.<br><br>DALLAS COUNTY SHERIFF MARIAN BROWN, *in Her Official Capacity*; DALLAS COUNTY, TEXAS,<br>    *Respondents/Defendants.* | §§§§§§§§§§§§§§§§§ | **Civil Action**<br>**Case No. 3:20-cv-00832** |

## DEFENDANTS' ORIGINAL ANSWER

Defendants, Dallas County Sheriff Marian Brown, in her official capacity, and Dallas County, Texas file this answer to Plaintiffs' First Amended Petition for Writ of Habeas Corpus and Class Action Complaint for Injunctive and Declaratory Relief.[1]

### I. ANSWER

1. Plaintiffs' introduction requires no response. To the extent a response is required, Defendants deny the conjecture, argument, and allegations in this paragraph.

2. Plaintiffs' introduction requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

---

[1] The parties have submitted a proposed docket control order to the Court, which has not yet been entered. *See* ECF No. 111. Out of an abundance of caution, Defendants file their answer consistent with the deadlines set forth in that proposed order.

3. Plaintiffs' introduction requires no response. To the extent a response is required, Defendants admit that COVID-19 is a global pandemic and a contagious respiratory disease caused by a novel coronavirus designated SARS-CoV-2. Defendants admit that the President declared a national state of emergency on March 13, 2020. Defendants lack sufficient information to admit or deny the statistics cited in the remaining allegations of this paragraph.

4. Plaintiffs' introduction requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

5. Plaintiffs' introduction requires no response. To the extent a response is required, Defendants lack sufficient knowledge or information to know whether other jails have implemented CDC recommendations. Defendants deny that the Dallas County Jail has proven incapable of implementing CDC recommendations. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

6. Plaintiffs' introduction requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

7. Plaintiffs' introduction requires no response. To the extent a response is required, Defendants admit that the Dallas County Jail is not hermetically sealed. Defendants admit that most Dallas County Jail inmates do come out of the jail in very short order. Defendants deny the remaining allegations in this paragraph.

8. Plaintiffs' introduction requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

9. Plaintiffs' introduction requires no response. To the extent a response is required, Defendants deny the allegations in this paragraph.

10. This paragraph contains conclusions of law to which no response is required. To the extent a response is necessary, Defendants deny that Plaintiffs' detention violates their Eighth and Fourteenth Amendment rights under the U.S. Constitution.

11. This paragraph contains conclusions of law to which no response is required.

12. Defendants admit that venue is proper in this judicial district.

13. Defendants admit that Oscar Sanchez is being held in the Dallas County Jail. Defendants lack sufficient information to admit or deny the remaining allegations regarding Oscar Sanchez.

14. Defendants admit that Marcus White is being held in the Dallas County Jail. Defendants lack sufficient information to admit or deny the remaining allegations regarding Marcus White.

15. Defendants admit that Tesmond McDonald is being held in the Dallas County Jail. Defendants lack sufficient information to admit or deny the remaining allegations regarding Tesmond McDonald.

16. Defendants deny that Marcelo Perez is being held in the Dallas County Jail, as he was released before the filing of this answer. Defendants lack sufficient information to admit or deny the remaining allegations regarding Marcelo Perez.

17. Defendants admit that Roger Morrison is being held in the Dallas County Jail. Defendants lack sufficient information to admit or deny the remaining allegations regarding Roger Morrison.

18. Defendants deny that Keith Baker is being held in the Dallas County Jail, as he was released before the filing of this answer. Defendants lack sufficient information to admit or deny the remaining allegations regarding Keith Baker.

19. Defendants admit that Paul Wright is being held in the Dallas County Jail. Defendants lack sufficient information to admit or deny the remaining allegations regarding Paul Wright.

20. Defendants deny that Terry McNickels is being held in the Dallas County Jail, as he was released before the filing of this answer. Defendants lack sufficient information to admit or deny the remaining allegations regarding Terry McNickels.

21. Defendants deny that Jose Munoz is being held in the Dallas County Jail, as he was released before the filing of this answer. Defendants lack sufficient information to admit or deny the remaining allegations regarding Jose Munoz.

22. Defendants deny that Kiara Yarborough is detained in the Dallas County Jail, as she was released before the filing of this answer. Defendants lack sufficient information to admit or deny the remaining allegations regarding Kiara Yarborough.

23. Defendants admit that Olivia Washington is detained in the Dallas County Jail. Defendants lack sufficient information to admit or deny the remaining allegations regarding Olivia Washington.

24. Defendants deny that Ideare Bailey is detained in the Dallas County Jail, as he was released before the filing of this answer. Defendants lack sufficient information to admit or deny the remaining allegations regarding Ideare Bailey.

25. Defendants admit that Sheriff Marian Brown is a Dallas County official. Defendants admit that Sheriff Brown is the head of the Dallas County Sheriff's Office and the administrator of the Dallas County Jail. Plaintiffs' contention that Sheriff Brown is the final policymaker for running and administering the jail in Dallas County is a legal conclusion to

which no response is required. Defendants admit that Sheriff Brown is sued in her official capacity.

26. Defendants deny that Dallas County, Texas is a municipal corporation. Defendants deny that Dallas County controls or operates the Jail through Sheriff Brown. Defendants admit in part that Plaintiffs Sanchez, White, McDonald, Morrison, Wright, and Washington are currently in custody, but Defendants deny that the remaining Plaintiffs are in custody, or that any person who is part of a certifiable class is in custody. Plaintiffs' remaining contention in this paragraph is a legal conclusion to which no response is required.

27. Defendants admit the allegations in this paragraph, and further admit that a second related case involving a subset of the issues in this case has been filed in the 298th District Court of Dallas County, styled *Daniels v. Brown*, DC-20-07112.

28. Defendants are without sufficient knowledge or information to admit or deny the narrative and statistics in this paragraph, as Dallas County did not compile the statistics cited in this paragraph. Defendants admit that COVID-19 is a global pandemic.

29. Defendants admit in part that COVID-19 is contagious, but are without sufficient knowledge or information to admit or deny the results of the articles, studies, and expert declarations summarized in this paragraph.

30. Defendants are without sufficient knowledge or information to admit or deny the statements and medical opinions set forth in this paragraph.

31. Defendants are without sufficient knowledge or information to admit or deny the level of risk associated with the age range specified in this paragraph. Defendants are without sufficient knowledge or information to admit or deny the statistics cited in this paragraph.

32. Defendants are without sufficient knowledge or information to admit or deny the level of risk associated with the underlying medical conditions set forth in this paragraph. Defendants are without sufficient knowledge or information to admit or deny the statistics cited in this paragraph.

33. Defendants are without sufficient knowledge or information to admit or deny the symptoms COVID-19 causes in "many people," or the level of risk associated with medical conditions. Defendants deny that "[m]ost people in higher risk categories who develop serious illness will need advanced support" that "requires highly specialized equipment…". Defendants deny the allegations in this paragraph regarding the level of care available in the Dallas County Jail. Defendants are without sufficient knowledge or information to deny the remaining allegations and medical opinions set forth in this paragraph.

34. Defendants are without sufficient information or knowledge to admit or deny the statements, medical opinions, and statistics cited in this paragraph.

35. Defendants are without sufficient information or knowledge to admit or deny the medical opinions set forth in this paragraph.

36. Defendants are without sufficient information or knowledge to admit or deny the medical opinions set forth in this paragraph.

37. Defendants are without sufficient information or knowledge to admit or deny the medical opinions set forth in this paragraph.

38. Defendants are without sufficient information or knowledge to admit or deny the medical opinions set forth in this paragraph, or admit or deny the statistics cited in this paragraph.

39. Defendants are without sufficient information or knowledge to admit or deny the conjectural medical opinions set forth in this paragraph.

40. Defendants deny the allegations set forth in this paragraph.

41. Defendants are without sufficient information or knowledge to admit or deny the statistics cited in this paragraph as of any particular date. Defendants deny the remaining allegations and conjecture in this paragraph.

42. Defendants admit the allegations set forth in this paragraph.

43. Defendants are without sufficient information or knowledge to admit or deny the allegations in the first sentence of this paragraph. Defendants admit in part that without precautionary measures, areas of close confinement pose unique challenges to preventing or minimizing the spread of communicable diseases. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

44. Defendants are without sufficient information or knowledge to admit or deny the statements and graphs created by a nonparty cited and excerpted in this paragraph.

45. Defendants admit that without precautionary measures, areas of close confinement pose unique challenges to preventing or minimizing the spread of communicable diseases. Defendants deny the allegations in this paragraph as written.

46. Defendants are without sufficient information or knowledge to admit or deny the statements and graphs created by a nonparty cited and excerpted in this paragraph.

47. Defendants are without sufficient information or knowledge to admit or deny the conditions and practices of other correctional facilities. Defendants deny the allegations in this paragraph as they are intended to apply to the Dallas County Jail.

48. Defendants are without sufficient information or knowledge to admit or deny the conditions and practices of other correctional facilities.

49. Defendants are without sufficient information or knowledge to admit or deny the medical opinions summarized in this paragraph.

50. Defendants are without sufficient information or knowledge to admit or deny the CDC's motives in preparing specific guidance for correctional facilities. Defendants deny the allegations set forth in this paragraph to the extent they purport to summarize the CDC's guidance, which speaks for itself. Defendants admit the allegations set forth in this paragraph to the extent that they accurately quote from the CDC guidance.

51. Defendants deny the allegations set forth in this paragraph.

52. Defendants deny the allegations set forth in this paragraph.

53. Defendants deny the allegations set forth in this paragraph.

54. Defendants lack sufficient information or knowledge to admit or deny the allegations set forth in this paragraph regarding testing because Defendants do not control or decide when tests are administered to inmates. Defendants deny the remaining allegations set forth in this paragraph.

55. Defendants deny the allegations set forth in this paragraph.

56. Defendants deny the allegations set forth in this paragraph, except that Defendants lack sufficient information or knowledge to admit or deny the extent to which specific inmates have educated themselves regarding virus prevention.

57. Defendants deny the allegations set forth in this paragraph, except that Defendants admit that staff and guards are provided with PPE.

58. Defendants deny the allegations set forth in this paragraph, except that Defendants admit detainees are provided with PPE.

59. Defendants deny the allegations set forth in this paragraph, except that Defendants admit detainees are provided with soap and cleaning supplies.

60. Defendants deny the allegations set forth in this paragraph, except that Defendants admit that detainees are responsible for routine cleaning of pods.

61. Defendants deny the allegations set forth in this paragraph.

62. Defendants deny the allegations set forth in this paragraph, except that Defendants admit that legal calls and visits for detainees are conducted via video, telephone, or in-person visitation.

63. Defendants lack sufficient knowledge or information to admit or deny the statements and medical opinions set forth in this paragraph.

64. Defendants lack sufficient knowledge or information to admit or deny the conclusions reached by other jail administrators. Defendants admit that reducing bookings into jail is a commendable goal and admit that, where feasible, reducing bookings into jail has been the recommendation and practice of the Dallas County Sheriff and Dallas County criminal justice stakeholders.

65. Defendants admit that the Dallas County Sheriff's Office has made efforts to detect symptoms of COVID-19 infection and release some detainees. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

66. Defendants deny the hyperbole and argument contained in this paragraph.

67. Defendants deny the medical conjecture, argument, and hyperbole contained in this paragraph. Defendants are without sufficient knowledge or information to admit or deny the statistics cited in this paragraph as of any particular date.

68. Defendants deny the medical opinion set forth in this paragraph as a requirement for Defendants. Defendants lack sufficient knowledge or information to admit or deny the medical opinion set forth in this paragraph.

69. Defendants admit Plaintiffs purport to bring this action on behalf of themselves and a class of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.

70. Defendants admit Plaintiffs Oscar Sanchez, Marcus White, Keith Baker, Tesmond McDonald, and Ideare Bailey seek to represent a class of all current and future detainees in pretrial custody, including alleged violations of probation or parole, at the Jail, including a subclass of persons. Defendants deny that the subclass consists of persons who, by reason of age or medical condition, the CDC has identified as particularly vulnerable to injury or death if they were to contract COVID-19. Defendants deny that Plaintiffs Baker or Bailey are representatives and members of the proposed subclass because they are not detainees and have been released.

71. Defendants admit Plaintiffs Marcelo Perez, Paul Wright, Jose Munoz, Roger Morrison, Terry McNickels, Kiara Yarborough, and Olivia Washington seek to represent a class of all current and future detainees in post-adjudication custody, including those serving a term of incarceration pursuant to an adjudicated violation of probation or parole, at the Jail. Defendants deny that the subclass consists of persons who, by reason of age or medical condition, are particularly vulnerable to injury or death if they were to contract COVID-19. Defendants deny that Plaintiffs Munoz, Perez, McNickels, and Yarborough are representatives and members of

the proposed post-adjudication class because they are not detainees and have been released. Defendants deny that Defendants deny that Plaintiffs Perez, McNickels, and Yarborough are representatives and members of the proposed subclass because they are not detainees and have been released.

72. Defendants admit that Plaintiffs seek to define a medically vulnerable subclass, but deny that the proposed medically vulnerable subclass consists of all persons who, by reason of age or medical condition, the CDC has identified as particularly vulnerable to injury or death.

73. Defendants deny this action may be properly maintained as a class action under Federal law. Defendants deny this action satisfies numerosity, commonality, typicality, and adequacy requirements for maintaining a class action under Fed. R. Civ. P. 23(a).

74. Defendants deny the elements of numerosity are satisfied.

75. Defendants admit the contents of the Dallas County Criminal Justice Management Committee Information Statistics report cited in this paragraph as of April 6, 2020. Defendants deny the remaining allegations in this paragraph.

76. Defendants deny the elements of commonality are satisfied.

77. Defendants deny the elements of typicality are satisfied.

78. Defendants deny the elements of adequacy are satisfied. Half of the named Plaintiffs are no longer in detention.

79. Defendants deny they have acted on grounds generally applicable to all proposed class members. Defendants admit this action seeks declaratory and injunctive relief only.

80. Defendants deny the requirements of Rule 23(b)(1) are satisfied.

81. Defendants admit the Eighth Amendment prohibits subjecting inmates to cruel and unusual punishment. Defendants otherwise deny Plaintiffs' characterization of Eighth Amendment standards in this paragraph.

82. Defendants admit the Eighth Amendment prohibits subjecting inmates to cruel and unusual punishment. Defendants otherwise deny Plaintiffs' characterization of Eighth Amendment standards in this paragraph.

83. Defendants deny Plaintiffs' characterization of the deliberate indifference standard.

84. Defendants admit that jail officials were aware of the threat of COVID-19 for weeks before the filing of this Complaint, but otherwise deny the allegations set forth in this paragraph.

85. Defendants deny the allegations set forth in this paragraph.

86. Defendants deny Plaintiffs' characterization of Defendants' "efforts to date" except that Defendants admit that the temperature of employees was checked, COVID-19 screening questions were asked to new detainees, sanitation protocols were in place, masks were provided and worn, and inmates were cohorted consistent with medical recommendations. Defendants otherwise deny the remaining allegations set forth in this paragraph.

87. Defendants deny the allegations set forth in this paragraph.

88. Defendants deny Plaintiffs' characterization of Section 2241(c)(3).

89. Defendants admit that the Fifth Circuit has indicated that "conditions of confinement" claims may not sound in Section 2241, and deny the remaining allegations set forth in this paragraph.

90. Defendants deny Plaintiffs have availed themselves of appropriate state court avenues to pursue the relief they seek from this Court.

91. Defendants admit Oscar Sanchez is in custody. Defendants deny the remaining allegations of this paragraph.

92. Defendants admit Marcus White is in custody. Defendants deny the remaining allegations of this paragraph.

93. Defendants admit Tesmond McDonald is in custody. Defendants deny the remaining allegations of this paragraph.

94. Defendants deny Marcelo Perez is in custody. Defendants deny the remaining allegations of this paragraph.

95. Defendants admit Roger Morrison is in custody. Defendants deny the remaining allegations of this paragraph.

96. Defendants deny Keith Baker is in custody. Defendants deny the remaining allegations of this paragraph.

97. Defendants admit Paul Wright is in custody. Defendants deny the remaining allegations of this paragraph.

98. Defendants deny Terry McNickels is in custody. Defendants deny the remaining allegations of this paragraph.

99. Defendants deny Jose Munoz is in custody. Defendants admit that some outside facilities are not accepting new patients. Defendants deny the remaining allegations of this paragraph.

100. Defendants deny Kiara Yarborough is in custody. Defendants deny that TDCJ has refused to transport all inmates to prisons or treatment facilities. Defendants deny the remaining allegations of this paragraph.

101. Defendants admit Olivia Washington is in custody. Defendants admit that some outside facilities are not accepting new patients. Defendants deny the remaining allegations of this paragraph.

102. Defendants deny Ideare Bailey is in custody. Defendants deny the remaining allegations of this paragraph.

103. Defendants deny the allegations and argument in this paragraph.

104. Defendants deny the statements in this paragraph.

105. Defendants admit that Plaintiffs intend to incorporate the previous paragraphs and allegations.

106. Defendants deny Plaintiffs' characterization of the Fourteenth Amendment's requirements in this paragraph.

107. Defendants deny the allegations set forth in this paragraph.

108. Defendants deny the allegations set forth in this paragraph, except that Defendants admit they are not responsible for determining who to test or how to administer tests.

109. Defendants deny they have violated the rights of the Pre-Adjudication Plaintiff Class under the Fourteenth Amendment.

110. Defendants admit that Plaintiffs intend to incorporate the previous paragraphs and allegations.

111. Defendants deny Plaintiffs' characterization of the Fourteenth Amendment's requirements.

112. Defendants deny the allegations in this paragraph.

113. Defendants deny they have violated the rights of the Pre-Adjudication Plaintiff Class under the Fourteenth Amendment.

114. Defendants admit that Plaintiffs intend to incorporate the previous paragraphs and allegations.

115. Defendants admit that persons in carceral custody have a right to be free from cruel and unusual punishment but otherwise deny Plaintiffs' characterization of the Eighth Amendment's requirements.

116. Defendants deny the allegations set forth in this paragraph.

117. Defendants deny the allegations set forth in this paragraph.

118. Defendants deny the allegations set forth in this paragraph.

119. Defendants admit that Plaintiffs intend to incorporate the previous paragraphs and allegations.

120. Defendants deny Plaintiffs are entitled to any of the relief requested in their First Amended Complaint.

## II.   AFFIRMATIVE DEFENSES

1. Plaintiffs have not stated a claim upon which relief can be granted under 42 U.S.C. § 1983, 28 U.S.C. § 2241, the Eighth Amendment to the Constitution, the Fourteenth Amendment to the Constitution, or any other statute, constitutional theory, or legal authority.

2. Defendants invoke all limitations, defenses, and exclusions set forth in the Prison Litigation Reform Act and any other applicable statutes.

3. Defendants assert that Plaintiffs have failed to properly exhaust their administrative remedies prior to suit, as required by the Prison Litigation Reform Act.

4. Defendants assert that Plaintiffs' failure to properly exhaust their administrative remedies prior to suit is not excused.

5. Defendants assert that Plaintiffs' failure to properly exhaust their administrative remedies prior to suit cannot be excused.

6. Defendants assert the defenses of res judicata, estoppel, waiver, and lack of jurisdiction to Plaintiffs' claims in this suit.

[*signatures on following page*]

Date:  August 7, 2020                                    Respectfully Submitted,

                                        **HUSCH BLACKWELL LLP**

                                        */s/ Kate David*
                                        Katharine D. David
                                        Texas Bar No. 24045749
                                        kate.david@huschblackwell.com
                                        Nick Stepp
                                        Texas Bar No. 24077701
                                        nick.stepp@huschblackwell.com
                                        Ben Stephens
                                        Texas Bar No. 24098472
                                        ben.stephens@huschblackwell.com
                                        600 Travis, Suite 2350
                                        Houston, Texas 77002
                                        Tel: 713.525.6200
                                        Fax: 713.647.6884

                                        */s/ Russell H. Roden*
                                        Russell H. Roden
                                        Texas Bar No. 17132070
                                        russell.roden@dallascounty.org
                                        John Butrus
                                        Texas Bar No. 03537330
                                        john.butrus@dallascounty.org
                                        133 N. Riverfront Blvd., LB 19
                                        Dallas, Texas 75207
                                        Tel: 214.653.3600
                                        Fax: 214.653.5774
                                        **COUNSEL FOR DALLAS COUNTY, TEXAS**
                                        **AND SHERIFF MARIAN BROWN**

## CERTIFICATE OF SERVICE

     I certify that on this, the 7th day of August, 2020, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

                                        */s/ Ben Stephens*
                                        Ben Stephens