IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OSCAR SANCHEZ, MARCUS WHITE, TESMOND MCDONALD, MARCELO PEREZ, ROGER MORRISON, KEITH BAKER, PAUL WRIGHT, TERRY MCNICKLES, AND JOSE MUNOZ, on their own behalf and on behalf of a class of similarly situated persons,<br>        *Petitioners/Plaintiffs,*<br><br>v.<br><br>DALLAS COUNTY SHERIFF MARIAN BROWN, *in Her Official Capacity*; DALLAS COUNTY, TEXAS,<br>        *Respondents/Defendants.* | §§§§§§§§§§§§§§§§§§ | Civil Action<br>Case No. 3:20-cv-00832 |

**BRIEF IN SUPPPORT OF DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants, Dallas County Sheriff Marian Brown, in her official capacity, and Dallas County, Texas move to dismiss the claims of Plaintiffs Marcelo Perez, Roger Morrison, Keith Baker, Paul Wright, Terry McNickels, Jose Munoz, Kiara Yarborough, Olivia Washington, and Ideare Bailey (the "Released Plaintiffs").[1]

Very little of this case remains. Since the Court dismissed the Section 2241 habeas claims of all Plaintiffs, all plaintiffs who seek to represent the proposed Post-Adjudication Class have been released. And only three of the plaintiffs who seek to represent the proposed Pre-Adjudication Class are still detained. The plaintiffs still in detention as of the date of this filing are Oscar

---

[1] The three Plaintiffs still in detention—Oscar Sanchez, Marcus White, and Tesmond McDonald—are referred to herein as the "Detained Plaintiffs."

Sanchez, Marcus White, and Tesmond McDonald.[2] Each of these plaintiffs is a proposed representative of a Pre-Adjudication Class, bringing claims under the Fourteenth Amendment. The Court has already found that the Fourteenth Amendment claims, for unconstitutional conditions of confinement and unconstitutional punishment, are not viable. No class has been certified.

Defendants ask the Court to dismiss the Released Plaintiffs for lack of subject matter jurisdiction over their claims. All Released Plaintiffs lack standing to pursue prospective injunctive and declaratory relief against Defendants. Due to their release, they lack the "real and immediate" threat necessary to confer standing for prospective injunctive relief. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Any possibility of the renewal of a controversy in the future is speculative, based only on the possibility that the Released Plaintiffs will again be detained and subject to allegedly unconstitutional COVID-19 conditions[3] in the Dallas County Jail. The Released Plaintiffs should each be dismissed for lack of standing and mootness.

Moreover, because no representatives of the Post-Adjudication class remain in detention at all, the claims of the Post-Adjudication Class are moot and the Court should dismiss Plaintiffs' Third Claim for Relief brought by the Post-Adjudication Class under the Eighth Amendment.

Defendants respectfully request that the Court dismiss the individual Released Plaintiffs, as well as Plaintiffs' Third Claim for Relief from unconstitutional conditions of confinement pursuant to the Eighth Amendment.

---

[2] The Court has reviewed the criminal histories of these inmates, and is aware that they are detained on serious charges.
[3] The evolving nature of COVID-19 and increased understanding from the healthcare community shows that if Plaintiffs were in the future detained, conditions in the jail and the transmissibility of COVID-19 is likely to be significantly diminished due to the availability of vaccines, improved understanding of the virus, and improved treatments and mitigation measures based on increased understanding.

**I.     Background**

This suit was filed on April 9 by Oscar Sanchez, Marcus White, Tesmond McDonald, Marcelo Perez, Roger Morrison, Keith Baker, Paul Wright, Terry McNickels, and Jose Munoz. *See* ECF No. 1, Original Petition for Writ of Habeas Corpus and Class Action Complaint for Injunctive and Declaratory Relief. Sanchez, White, Baker, and McDonald purported to represent a class of current and future detainees in pretrial custody (the "Pre-Adjudication Class"). *Id.* at 66. Perez, Wright, Munoz, Morrison, and McNickels sought to represent a class of post-adjudication inmates, detained pursuant to an adjudication probation or parole violation (the "Post-Adjudication Class"). *Id.* at 67. Sanchez, Baker, McDonald, Perez, Wright, Morrison, and McNickels also alleged they were representatives of a "Medically-Vulnerable" subclass. *Id.* at 68. Subsumed in Plaintiff's complaint was a request for certification of the suit as a class action. Plaintiffs have since moved for class certification. ECF No. 17.

Plaintiffs amended their complaint on April 17 to add three additional plaintiffs—Kiara Yarborough, Olivia Washington, and Ideare Bailey. *See* ECF No. 39, First Amended Complaint. Yarborough and Washington were representatives of the Post-Adjudication class, each being held in the Dallas County Jail pursuant to probation orders and awaiting transfers to outside facilities. *See id.* at ¶¶ 100-101. Bailey was a pretrial detainee. *Id.* at ¶ 102.

Plaintiffs brought a petition for class-wide habeas corpus, seeking the widespread release of thousands of inmates. The Pre-Adjudication Class also pled claims for unconstitutional conditions of confinement (First Claim for Relief) and unconstitutional punishment (Second Claim for Relief) in violation of the Fourteenth Amendment. ECF No. 39, ¶¶ 105-113. And the (now released) plaintiffs representing the Post-Adjudication Class brought only an Eighth Amendment claim for unconstitutional conditions of confinement (Third Claim for Relief). *Id.* at ¶¶ 114-118. Following the four-day hearing on Plaintiffs' Application for Preliminary Injunction, the Court

dismissed Plaintiffs' petition for writ of habeas corpus, found that the evidence in the record before it "[did] not meet the high burden required to demonstrate deliberate indifference" and denied Plaintiffs' request for preliminary injunction, and additionally found that Plaintiffs' failure to exhaust the applicable grievance procedures was "fatal" to their remaining section 1983 claims. *Sanchez v. Brown*, 3:20-CV-00832-E, 2020 WL 2615931, at *17 (N.D. Tex. May 22, 2020).

During the course of the hearing, the Court heard testimony from several witnesses, including Ideare Bailey's wife, Wykivia Bailey. Ms. Bailey testified that her husband had been released on April 20 and was no longer detained in the Dallas County Jail. *See* Transcript 223:16-25. Since the hearing, almost all of the remaining plaintiffs have been released as well. As of September 24, 2020, only Oscar Sanchez, Marcus White, and Tesmond McDonald remain in detention. Marcelo Perez, Roger Morrison, Keith Baker, Paul Wright, Terry McNickels, Jose Munoz, Kiara Yarborough, Olivia Washington, and Ideare Bailey have all been released. *See* Ex. A, Declaration of Jimmy Patterson.

No plaintiff representative of the Post-Adjudication Class remains in detention. The Court should refrain from certifying a Post-Adjudication Class given the absence of any class representatives, and dismiss the Post-Adjudication Class's Eighth Amendment claim for unconstitutional conditions of confinement as moot. Moreover, the Court should dismiss each of the individual Released Plaintiffs. Because they have been released, and are no longer subject to the alleged unconstitutional conditions of confinement, their claim for prospective injunctive and declaratory relief is moot.

**II.     Standard of Review**

A motion to dismiss under Rule 12(b)(1) may be brought for lack of subject matter jurisdiction on the grounds that a claim is moot. *See* FED. R. CIV. P. 12(b)(1). Matters outside the pleadings, such as affidavits, may be considered in determining a factual attack on subject matter

jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980). When a motion to dismiss for lack of subject matter jurisdiction relies upon evidence, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluation for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

**III. Argument and Authorities.**

Article III's case-or-controversy requirement dictates that a plaintiff must have standing both at the outset of litigation and throughout. *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018); *see also Sosna v. Iowa*, 419 U.S. 393 (1975) (in the class action context, a named plaintiff must have a personal stake in the outcome of the case at the time the district court rules on class certification in order to prevent the mootness of the action).

A narrowly drawn exception to this requirement exists for claims that are "inherently transitory," such as those claims which are distinctly capable of repetition, yet evading review. *See Genesis Healthcare v. Symczyk*, 569 U.S. 66, 76 (2013) (quoting *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991). This exception is often raised in the context of pretrial detainees in reliance on the Supreme Court's holding in *Gerstein v. Pugh*, 420 U.S. 103, 110-111, n.11 (1975). The Fifth Circuit has articulated a two-part test for when the exception applies: "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Yarls*, 905 F.3d 905, 911 (5th Cir. 2018) (citing *Turner v. Rogers*, 564 U.S. 431, 440 (2011).

The Fifth Circuit has consistently emphasized that the *Gerstein* exception is a narrow one. *See Rocky v. King*, 900 F.2d 864, 870 (5th Cir. 1990) (recognizing the narrow scope of the inherently transitory exception, and dismissing the putative class action claims of a sentenced

inmate as moot and not subject to the exception); *see also Inmates of Lincoln Intake & Detention Facility v. Boosalis*, 705 F.2d 1021, 1023-24 (8th Cir. 1983) (finding the "capable of repetition, yet evading review" exception inapplicable to a putative class action brought by both pre-trial and sentenced detainees who had been released from detention at the time the district court ruled on class certification).

The Released Plaintiffs lack standing to prosecute their claims based on confinement, since they are no longer confined. Their claims are not saved by application of the "capable of repetition, yet evading review" exception, since binding Supreme Court and Fifth Circuit precedent prevent this Court from assuming that the Released Plaintiffs will again be arrested and again subject to the conditions of which they complain. The Released Plaintiffs claims should be dismissed.

### A. The Released Plaintiffs lack standing to seek prospective declaratory and injunctive relief.

Due to their release, each Released Plaintiff fails to demonstrate Article III standing to seek injunctive or declaratory relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 ("To demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.").

Plaintiffs seek prospective injunctive and declaratory relief, attempting to dictate the means and manner of the Sheriff's ongoing response to COVID-19 in the future. Each of the Released Plaintiffs is no longer subject to the unconstitutional conditions of which they complain. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (transfer of plaintiff alleging unconstitutional conditions of confinement from detention center to correctional institute rendered claims for prospective relief moot); *see also Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (inmate's transfer from facility mooted claims for injunctive relief). Plaintiffs'

claims relate exclusively to what Plaintiffs allege are unconstitutional conditions of confinement within the Dallas County Jail, resulting in an elevated risk of their becoming infected with COVID-19—for example, inability to social distance, insufficient PPE, and the like. The Released Plaintiffs are no longer subject to these conditions because they are no longer in the Dallas County Jail, and there is accordingly no controversy between them and Defendants relating to the conditions of their confinement.

Simply alleging, as the now-Released Plaintiffs do here, that they suffered "past exposure to illegal conduct" does not show a case or controversy to obtain injunctive relief—Plaintiffs must instead demonstrate "either continuing harm or a real and immediate threat of repeated injury in the future." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). If Plaintiffs fail to establish standing individually, they "may not seek relief on behalf of [themselves] or any other member of the class." *Id.*

Now that the Released Plaintiffs are no longer detained, the mere possibility that they will be arrested and detained in the Dallas County Jail again in the future is insufficient to satisfy the case-or-controversy requirement. The Supreme Court in *O'Shea* held that "it seems to us that attempting to anticipate whether and when [plaintiffs] will be charged with a crime . . . takes us into the area of speculation and conjecture," and found that plaintiffs seeking to enjoin allegedly discriminatory bond-setting practices lacked standing, either on their own behalf or on behalf of a class. 414 U.S. at 497; *see also Turner*, 564 U.S. at 439-440. The Court may not assume that the Released Plaintiffs will again be arrested and detained in the Dallas County Jail.

In short, no controversy exists now with regards to the Released Plaintiffs. And there is no substantial likelihood that the Released Plaintiffs will be detained again in the future. Accordingly, the Released Plaintiffs lack standing to seek prospective injunctive relief and should be dismissed.

DocID: 4839-2547-1948.1

### B. The "capable of repetition, yet evading review" exception does not preserve the claims of the Released Plaintiffs.

Lack of standing is, in itself, a sufficient basis to dismiss each of the Released Plaintiffs. But, in addition to suffering from a lack of standing to pursue prospective injunctive relief (the only option for relief available to Plaintiffs at this stage), each of the Released Plaintiffs' claims are moot due to their release. Because none of the Released Plaintiffs are still confined, the Released Plaintiffs have no personal stake remaining in this suit. Each Released Plaintiff should be dismissed.

The Fifth Circuit "has generally concurred with the proposition that a purported class action is moot where the named plaintiff's individual claim became moot before class certification." *Rocky*, 900 F.2d at 869; *see also Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1045 (5th Cir. 1981) (holding that as a general rule, a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been certified). Here, each of the putative representatives of the Post-Adjudication Class—Perez, Wright, Munoz, Morrison, McNickels, Yarborough, and Washington—have been released and are no longer subject to allegedly unconstitutional conditions of confinement. Two of the five putative representative of the Pre-Adjudication Class—Baker and Bailey—have been released as well.

Because the Post-Adjudication Class has not been certified, and all the claims of all its representatives have been mooted,[4] the Court should dismiss the claims of the Post-Adjudication Class set forth in Plaintiffs' Third Claim for Relief. *See* ECF No. 39, Plaintiffs' Third Amended Complaint, ¶¶ 114-118. And, at the very least, the Court should dismiss Baker and Bailey, the

---

[4] If the Court does ultimately see fit to certify a Post-Adjudication Class, that certification order will relate back to the filing of Plaintiffs' complaint. *See McLaughlin*, 500 U.S. at 52. This does not mean that before the Court has even determined that these Plaintiffs are adequate representatives of a certifiable class, plaintiffs whose claims are unquestionably moot should be permitted to prosecute a case in which they have no conceivable personal stake.

released representatives of the Pre-Adjudication Class. Their claims are unquestionably moot, and other representatives of the Pre-Adjudication Class remain in detention to pursue class certification.

### 1. The Post-Adjudication Class lacks standing and its claims should be dismissed.

Plaintiffs will likely contend, as they did for Ideare Bailey at the preliminary injunction hearing, that the *Gerstein* "capable of repetition, yet evading review" exception applies to preserve the claims of the Post-Adjudication Class. *See Gerstein*, 420 U.S. at 110-111, n.11. But the Post-Adjudication Class fail both prongs of the *Yarls* test for applying the *Gerstein* exception: (1) the claims of the Post-Adjudication Class representatives are not too short to be fully litigated, and (2) there is no reasonable expectation that they will be subjected to the same action again in the future. *Yarls* 905 F.3d 905, 911 (5th Cir. 2018) (citing *Turner*, 564 U.S. at 440 (2011)).

As to the first prong, the Post-Adjudication class representatives are not like the pretrial detainees who, in *Gerstein*, were found to bring inherently transitory claims. The Fifth Circuit has applied the *Gerstein* narrowly, finding it inapplicable in a case brought by post-adjudication plaintiffs subject to "long-term" confinement. *See Rocky*, 900 F.2d at 870 (listing cases). The underlying rationale is that claims brought by plaintiffs not held pre-trial, challenging conditions of long-term confinement, do not implicate the same concerns as plaintiffs alleging constitutional violations arising from the "ordinarily brief period of a claim based on pretrial detention." *Zeidman*, 651 F.2d at 1049.

The Eighth Circuit, in a case cited approvingly by the *Rocky* court, distinguished the *Gerstein* exception in a case which (like this one) was brought by both pretrial detainees and sentenced offenders challenging the conditions of their confinement under Section 1983. *See Inmates of Lincoln Intake & Detention Facility v. Boosalis*, 705 F.2d 1021, 1023-24 (8th Cir.

DocID: 4839-2547-1948.1

1983). Both the pre-trial detainee and the sentenced detainee were released from incarceration before the district court ruled on the motion for class certification. *Id.* at 1023. The Eighth Circuit found that the "capable of repetition, yet evading review" exception did not apply because—unlike *Gerstein* which dealt only with pretrial detainees—the case before it dealt with both pretrial detainees and convicted inmates. *Id.* at 1024 n.2.

Similar reasoning applies to the proposed Post-Adjudication Class's representatives in this case. Like *Rocky* and *Boosalis*, this case deals with a proposed class of "Post-Adjudication" inmates detained for a variety of reasons for "long-term" reasons. For example, before his release, Wright had been sentenced, and was detained in the Dallas County Jail awaiting transport to serve his sentence. ECF No. 39, First Amended Complaint, at ¶ 19. Plaintiffs Yarborough and Washington were detained pending transfer to special programs and treatment facilities (Plaintiffs characterize the lengths of their respective detentions as "indefinite"). *Id*. at ¶¶ 22-23.

The Post-Adjudication Plaintiffs also fail the second prong of the "capable of repetition, yet evading review" exception—there is no "reasonable expectation that the same complaining party will be subjected to the same action again." *Yarls*, 905 F.3d at 911. Supreme Court and Fifth Circuit precedent mandate that this Court must "assume that [the Released Plaintiffs] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct." *United States v. Sanchez-Gomez*, 138 S.Ct. 1532, 1541 (2018). For the Released Plaintiffs to again be subject to the allegedly unconstitutional conditions of confinement within the Dallas County Jail, the Court would have to assume the opposite—that the Released Plaintiffs will again incur prosecution and be detained. However, when assuming as it must that the Released Plaintiffs will "follow the law rather than flout it," the Released Plaintiffs' claims are plainly not "capable of repetition yet evading review." *Yarls*, 905 F.3d at 911.

10

### 2. The released representatives of the Pre-Adjudication Class should be dismissed.

The only named Plaintiffs still in detention—Sanchez, White and McDonald—seek to represent the Pre-Adjudication Class on its claims for relief under the Fourteenth Amendment. Setting aside their failure to exhaust the applicable grievance procedures, Sanchez, White, and McDonald still have a live controversy, and may continue to seek class certification up until the point the Court rules on that motion.

The fact that the Released Plaintiffs seek to represent a class does not resuscitate their mooted claims. In a case where a detained plaintiff brought similar claims on behalf of a putative class, the Fifth Circuit acknowledged that, while a controversy over conditions of confinement with respect to a putative class may present an ongoing dispute for the putative class members, the class representative plaintiff who no longer suffered the conditions himself lacked a personal stake in the controversy. *Rocky*, 900 F.2d at 867. The same rationale applies here. Even if an ongoing controversy exists with respect to members of the proposed class, the Released Plaintiffs lack a personal stake in the "substantive aspects of the controversy." *Id*. The Fifth Circuit found this lack of a personal stake at the time the district court rules on the motion for class certification to be fatal—the claims of a plaintiff who is no longer subject to the alleged unconstitutional conditions at that stage are moot. *Id.*

In light of Sanchez, White, and McDonald remaining in detention, the Court should at the very least dismiss the Released Plaintiffs who purport to represent the Pre-Adjudication Class—Keith Baker and Ideare Bailey. Although class certification is not warranted here, the Court could, if it saw fit, certify a class with Sanchez, White, and McDonald as the representatives. But Baker and Bailey, who are not in detention (and cannot be assumed to be in detention again when the Court rules on class certification), should be dismissed. !

DocID: 4839-2547-1948.1

## CONCLUSION AND PRAYER

Defendants respectfully request that the Court dismiss the claims of Marcelo Perez, Roger Morrison, Keith Baker, Paul Wright, Terry McNickels, Jose Munoz, Kiara Yarborough, Olivia Washington, and Ideare Bailey for lack of standing and mootness. Defendants further request that the Court dismiss the Eighth Amendment claims of the proposed Post-Adjudication Class, set forth in Plaintiffs' Third Claim for Relief, for lack of standing and mootness.

Defendants also pray for all other and further relief to which they are justly entitled.

Date: September 25, 2020

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Kate David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Nick Stepp
Texas Bar No. 24077701
nick.stepp@huschblackwell.com
Ben Stephens
Texas Bar FNo. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

*/s/ Russell H. Roden*
Russell H. Roden
Texas Bar No. 17132070
russell.roden@dallascounty.org
John Butrus
Texas Bar No. 03537330
john.butrus@dallascounty.org
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207
Tel: 214.653.3600
Fax: 214.653.5774
**COUNSEL FOR DALLAS COUNTY, TEXAS**

DocID: 4839-2547-1948.1

AND SHERIFF MARIAN BROWN

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the ECF system of the Court on September 25, 2020.

/s/ Ben Stephens
Ben Stephens

DocID: 4839-2547-1948.1