IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OSCAR SANCHEZ, *et al.*, | ) |
| Plaintiffs, | ) Civil Action |
| | ) Case No. 3:20-cv-00832 |
| v. | ) |
| SHERIFF MARIAN BROWN, *et al.*, | ) |
| Defendants. | ) |

## **MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Defendant Sheriff Marian Brown ("Sheriff Brown") files her motion to quash and for protective order pursuant to Federal Rule of Civil Procedure 26(c), seeking to quash Plaintiff's October 2, 2020 Notice of Videotaped Deposition of Sheriff Marian Brown.

### **Background**

Sheriff Brown respectfully requests that the Court quash Plaintiffs' Notice of Videotaped Deposition of Sheriff Marian Brown. *See* Exhibit A. Information regarding jail conditions, which are at the heart of the only factual disputes remaining in this case, can be readily obtained from other sources, including more appropriate deponents (whom Plaintiffs have already noticed) who are responsible for overseeing and implementing measures relating to COVID and pertaining to jail conditions.

Plaintiffs unilaterally noticed Sheriff Brown's deposition pursuant to Rule 30(b)(1), without previously requesting dates, for October 22 at 10 a.m. Plaintiffs noticed the depositions of Chief Deputy Fredrick Robinson and Assistant Chief Deputy Jason Hartgraves for the same date and time.

1

Plaintiffs have sued Sheriff Brown in this case in her official capacity only. *See* Plaintiffs' First Amended Complaint, ECF No. 39, at ¶ 25. Plaintiffs allege that "[a]mong others, Sheriff Brown is a final policymaker for Dallas County." *Id.* at ¶ 26. Sheriff Brown is not an individual defendant in this case. The official capacity claim against Sheriff Brown is a claim against her office, not Sheriff Brown herself. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

### Argument

I. **Standard for Deposition of Sheriff Brown**

"[T]he court must limit the frequency or extent of discovery otherwise allowed by [discovery] rules or by local rule if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(C)(i). "The court may, for good cause, issue an order to protect a party or person from…undue burden or expense, including…prescribing a discovery method other than the one selected by the party seeking discovery." FED. R. CIV. P. 26(c)(1)(C).

Moreover, because of the important duties they must perform, the standard for taking the deposition of a "high agency official" like Sheriff Brown is significantly elevated: "[i]t is a settled rule in this circuit that exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995) (quotations and citations omitted); see also *Harding v. County of Dallas, Texas*, 2016 WL 7426127, *7 (N.D.Tex. Dec. 23, 2016). "Top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *In re. F.D.I.C.*, id. (quotations and citations omitted). "High ranking government officials have greater duties and time constraints than other witnesses." *Id.* (quotations and citations omitted). "The

Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." *Id.* (quotations and citations omitted).

## II. Sheriff Brown's deposition should be quashed.

Plaintiffs' claims against Sheriff Brown are brought against her in her official capacity only. If Plaintiffs want to depose Sheriff Brown on behalf of Dallas County, Rule 30(b)(6) governs, and Plaintiffs should identify unique, personal information that Sheriff Brown has that is discoverable, proportional to the needs of the case, and cannot be acquired from other sources.

Sheriff Brown is the highest level executive responsible for the Dallas County Jail. She oversees hundreds of employees and thousands of inmates. She is undisputedly an apex witness, and is entitled to the protections of the rules governing apex witness depositions. To depose her, Plaintiffs must show that (1) she has unique, personal information about the case, (2) that Plaintiffs could not get through discovery and lower-level witnesses, and (3) the deposition will be limited, not harassing, and not overly broad. *See Estate of Levingston v. Cty. of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017); *see also Pan. Am. Life Ins. Co. v. La. Acquisitions Corp.*, No. 13-5027, 2015 WL 4168435, *4 (E.D. La. July 9, 2015) ("To determine whether to permit the deposition of a high-level executive, federal courts have considered the following factors: (1) whether the moving party can demonstrate that the executive possesses personal or superior and unique knowledge; and (2) whether the information could be obtained from lower-level employees or through less burdensome means, such as written interrogatories."); *Harding v. County of Dallas, Texas*, 2016 WL 7426127, *7 (N.D.Tex. Dec. 23, 2016) ("Furthermore, assuming the information in question is discoverable, if other persons can provide the information sought, discovery will not be permitted against such an official."). Plaintiffs cannot make any of these showings.

### A. Sheriff Brown has no unique knowledge regarding the limited remaining factual issues in this case.

The limited factual issues remaining in this case pertain to jail conditions. With regard to these facts, Sheriff Brown has no unique knowledge that cannot be acquired elsewhere and from lower-level witnesses who implement and carry out COVID-19 mitigation measures within the jail.[1] Plaintiffs' complaint repeatedly refers to the Dallas County Jail's allegedly inadequate COVID-19 mitigation efforts, and includes claims about supposedly insufficient tests, cleaning practices, and the like. These are matters upon which the jail's corporate representatives should testify under Rule 30(b)(6).

### B. Plaintiffs can obtain information about jail conditions from other discovery, including Rule 30(b)(6) witnesses.

Even if Sheriff Brown did have unique, personal information about jail conditions to which only she could testify, Plaintiffs must first seek this information through discovery or lower-ranking witnesses. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (a plaintiff must first depose other witnesses before being allowed to depose the defendant company's president); *Levingston*, 320 F.R.D. at 523 (sheriff's deposition in a Section 1983 action not permitted until plaintiffs deposed "lower level employees who are more closely tied to the issues to be addressed.").

Plaintiffs in this case have not identified what information they want from Sheriff Brown—their Rule 30(b)(1) notice contains no specific topics or areas of inquiry. And Plaintiffs have not attempted to get this information by deposing lower-level employees first (Plaintiffs noticed Chief Deputy Robinson and Assistant Chief Deputy Hartgraves for the same time and place as Sheriff Brown).

---

[1] Plaintiffs' own complaint acknowledges this—Sheriff Brown is mentioned in only two paragraphs in Plaintiffs' entire First Amended Complaint, and then only as the "final policymaker for running and administering the jail in Dallas County." *See* ECF No. 39 at ¶¶ 25-26.

### C. Plaintiffs' deposition of Sheriff Brown presents an undue hardship to Sheriff Brown and, if it occurs, it should be limited.

Sheriff Brown's position is one of great responsibility that requires long hours and a complex schedule under the best of circumstances. In the time of COVID-19, the difficulties of the job are of course significantly increased. Plaintiffs should not be permitted to disrupt the schedule of the highest-ranking jail official, especially if she has no unique or personal information to offer them. This problem is compounded by Plaintiffs' simultaneous noticing of depositions Chief Deputy Fredrick Robinson and Assistant Chief Deputy Jason Hartgraves. Taking three high-ranking jail officials out of commission—including the two highest ranking officials with responsibility for jail operations—is not feasible during COVID-19 (or in general).

### Conclusion

Sheriff Brown respectfully prays that the Court quash Plaintiffs' deposition notice of Sheriff Marian Brown and for an order of protection prohibiting Plaintiffs from noticing her deposition again until they can show that they have been unsuccessful in obtaining the information they seek available from other sources.

HB: 4817-3801-5437.1

Respectfully Submitted,

**HUSCH BLACKWELL LLP**

*/s/ Kate David*
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Nick Stepp
Texas Bar No. 24077701
nick.stepp@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

*/s/ Russell H. Roden*
Russell H. Roden
Texas Bar No. 17132070
russell.roden@dallascounty.org
John Butrus
Texas Bar No. 03537330
john.butrus@dallascounty.org
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207
Tel: 214.653.3600
Fax: 214.653.5774
**COUNSEL FOR DALLAS COUNTY, TEXAS AND SHERIFF MARIAN BROWN**

HB: 4817-3801-5437.1

**CERTIFICATE OF CONFERENCE**

I certify that I conferred by email with Adam Safwat, counsel for Plaintiffs, who confirmed that Plaintiffs are opposed to the relief sought in this Motion to Quash and for Protective Order.

*/s/ Ben Stephens*
Ben Stephens

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on all counsel of record via the ECF system of the Court on October 15, 2020.

*/s/ Ben Stephens*
Ben Stephens

HB: 4817-3801-5437.1