IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OSCAR SANCHEZ, MARCUS WHITE, TESMOND MCDONALD, MARCELO PEREZ, ROGER MORRISON, KEITH BAKER, PAUL WRIGHT, TERRY MCNICKELS, JOSE MUNOZ, KIARA YARBOROUGH, OLIVIA WASHINGTON, and IDEARE BAILEY, *on their own and on behalf of a class of similarly situated persons*, <br><br>*Petitioners/Plaintiffs*, <br><br>v. <br><br>DALLAS COUNTY SHERIFF MARIAN BROWN, *in her official capacity*; DALLAS COUNTY, TEXAS, <br><br>*Respondents/Defendants* | Civil Action No. 20-cv-832-E |

## STIPULATED ORDER REGARDING INSPECTION TOUR

**IT IS HEREBY AGREED,** by and between counsel for the respective parties, that Plaintiffs' counsel and the individuals identified as specified below in paragraph 1 shall be permitted to conduct an inspection for the purposes of examining, photographing, videotaping, and measuring certain areas of the Dallas County Jail, commonly known as the Lew Sterrett Justice Center (the "Jail") relative to and for the purposes of the claims in this case. The following terms and conditions will apply to this inspection:

1. At least two days prior to the inspection, Plaintiffs' counsel shall supply the Defendants with the names and addresses of those individuals who will visit the facility to conduct and participate in the inspection ("Associates").

2. Plaintiffs' counsel and Associates may operate video and camera equipment as they determine necessary for the purpose of videotaping and photographing the areas specified below in paragraph 5. Plaintiffs' counsel and Associates shall use one photographer and one videographer. Defendants reserve the right to use their own photographer and videographer as well.

3. At least one day prior to the inspection, Plaintiffs' counsel and Associates will provide to the Jail staff and/or the Sheriff or her designee ("Jail Representatives") correct identification (e.g., a copy of the front and back of the person's state-issued driver's license), and again at the time of the inspection. The identification will be used solely for purposes of verifying the person's identity, and any documents reflecting or relating to the identification will be discarded immediately after the person's identification is verified.

4. Plaintiffs' counsel and Associates will be escorted during the inspection tour by such Jail Representatives as determined by the Sheriff or her designee. No photography or videography shall be taken in the absence of a Jail Representative.

5. The Sheriff or her designee shall accompany Plaintiffs' counsel and Associates and shall have the right to adequately and sufficiently control access to and movement within the facility by Plaintiffs' counsel and Associates according to the following restrictions. The videotapes, photographs, examination, and measurement of the facility shall include and be restricted to the following areas: (i) any housing units, including but not limited to: (a) individual cells, (b) dormitory-style housing, (c) medical housing, (d) solitary and isolation units, (e) quarantine units, and (f) shared dayrooms; (ii) any space used by detainees, including but not limited to those spaces used for: (a) exercise, (b) dining, (c) personal hygiene (including bathrooms and showers), (d) receiving medical care or medical evaluation (including mental health care)

(except that individuals receiving care or medical evaluation shall not be filmed or photographed), (e) working (including but not limited to kitchens and laundry facilities), (f) visiting (with legal counsel or friends/family), (g) communicating (including areas for making phone and video calls), (h) attending court (in person and remotely), (iii) processing or waiting for transport (including vehicles) to areas in or outside of the Jail; and (iv) any hallways or paths of travel within the Jail.

6. The Sheriff or her designee shall have the right to inspect any photographic or video images (the "Images") produced during the inspection and may direct that all or portions of the Images be deleted or digitally obscured where the Images display matters that create a security concern as determined by the Sheriff or her designee. Further, pictures of individual persons, including Jail Representatives or any inmate, shall be blurred or otherwise obscured from any Image to the extent necessary to protect the individual persons' identities, except to the extent that photographs and videos may include Plaintiffs' counsel and Associates as a frame of reference where necessary. Notwithstanding any foregoing provision, inmates shall in no case be filmed or photographed in a state of undress. It is understood that any such editing must take place on editing equipment of the videographer or photographer and cannot take place at the time of the inspection. In the event there is a dispute between the parties as to whether any image displays matters which create a security issue, the matter may be presented to the Court for determination, and images subject to a dispute shall be reviewed by the Court *in camera* or under other conditions to prevent unnecessary disclosure.

7. During the inspection, Jail Representatives may use the Jail's equipment to make Images identical to those that are requested by Plaintiffs' counsel and Associates.

8. Within thirty days of the completion of the inspection, Plaintiff shall produce a set of the Images to the Defendants.

3

9. The Images shall be subject to the Protective Order in this case as "Confidential Information" under that Order. Except as otherwise indicated herein or in the Protective Order, the Images shall not be copied or disclosed in any manner, in whole or in part, by Plaintiffs' counsel, Associates, or anyone acting at the direction of Plaintiffs' counsel or Associates, to any other person except to the extent necessary for the conduct of the above-styled litigation, *Sanchez et al v. Brown et al.*, No. 20-cv-832-E. Plaintiffs' counsel shall inform any persons to whom the videotapes or photographs are shown, including Associates, that they shall not disclose the contents viewed, seen, or discussed to any third party and that any violation may result in sanctions being imposed upon such persons by the Court under the Protective Order.

10. Except as otherwise indicated herein, no additional copies or digital files of the Images or negatives of the Images shall be made by Plaintiffs' counsel or anyone else except as necessary for the conduct of this litigation.

11. Jail Representatives shall have the right to inspect all videotapes, cameras, film, photographic, and other equipment, machinery, cases, and bags brought into the Jail prior to granting entry to Plaintiffs' counsel and Associates. Such inspection prior to entry may include examining the contents of any videotapes or photographs brought into the facility but shall not include any copying and shall not extend to personal equipment (e.g., smartphones) belonging to Plaintiffs' counsel.

12. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Stipulated Order is under an obligation to destroy all Images, and to certify to the other party that this destruction or return has been done.

13. In the event that Plaintiffs' counsel seeks to use any Images in any judicial proceeding in the above-captioned matter, counsel shall provide at least seven (7) days notice to counsel for the Dallas County Sheriff and Dallas County. Any party may move that the Images be received as evidence *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine what protection is appropriate for use of the Images in any proceeding.

DATED:   December 2, 2020

Respectfully Submitted,

/s/ Henderson Hill
AMERICAN CIVIL LIBERTIES FOUNDATION
Andrea Woods*
N.Y. Bar No. 5595509
Brandon Buskey*
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2528
*Awoods@aclu.org*

Henderson Hill*
N.C. Bar No. 18563
201 W. Main St. Suite 402
Durham, NC 27701
(919) 682-9563
*hhill@aclu.org*

/s/ Adam Safwat
WEIL, GOTSHAL & MANGES LLP
Adam Safwat*
D.C. Bar No. 1024043
Sarah Choi*
D.C. Bar No. 1657764
2001 M Street NW, Suite 600
Washington, D.C. 20036
(202) 682-7000

/s/ Brian Klosterboer
ACLU FOUNDATION OF TEXAS
Brian Klosterboer
Texas. Bar No. 24107833
Adriana Piñon*
Texas Bar No. 24089768
Andre Segura
Texas Bar No. 24107112
5225 Katy Fwy., Suite 350
Houston, TX 77007
Tel: (713) 942-8146
Fax: (346) 998-1577

/s/ Elizabeth Rossi
CIVIL RIGHTS CORPS
Elizabeth Rossi*
D.C. Bar No. 1500502
1601 Connecticut Ave NW, Suite 800
Washington, D.C. 20009
(202) 894-6126
*elizabeth@civilrightscorps.org*

/s/ Barry Barnett
SUSMAN GODFREY L.L.P.
Barry Barnett
Texas Bar No. 01778700
8115 Preston Road, Suite 575
Dallas, TX 75225
(866) 754-1900
*bbarnett@susmangodfrey.com*

Michael Gervais*
N.Y. Bar No. 5122890
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
(310) 789-3100
*mgervais@susmangodfrey.com*

/s/ Alison Grinter
NEXT GENERATION ACTION NETWORK
Alison Grinter
Texas Bar 24043476
Kim T. Cole
Texas Bar No. 24071024
1808 South Good Latimer Expressway
Dallas, TX 75226
 (214) 704-6400
*agrinter@thengan.com*
*kcole@thengan.com*

5

*adam.safwat@weil.com*
*sarah.choi@weil.com*

ATTORNEYS FOR PETITIONERS/PLAINTIFFS
*admitted pro hac vice*

/s/ Katharine D. David
Katharine D. David
Texas Bar No. 24045749
kate.david@huschblackwell.com
Nick Stepp
Texas Bar No. 24077701
nick.stepp@huschblackwell.com
Ben Stephens
Texas Bar No. 24098472
ben.stephens@huschblackwell.com
600 Travis, Suite 2350
Houston, Texas 77002
Tel: 713.525.6200
Fax: 713.647.6884

COUNSEL FOR DALLAS COUNTY, TEXAS,
AND SHERIFF MARIAN BROWN

**SO ORDERED,**

Signed December 7, 2020.

**ADA BROWN**
**UNITED STATES DISTRICT JUDGE**